JUDGE EOBEBTSON
delivered the opinion oe the court.
As rightly adjudged by this court in the ease of Nailor, &c. v. Nailor, &c., 4 Dana, 339, all persons of “unsound” mind, incompetent to take prudent care of themselves and property, are, according to the principles of Kentucky jurisprudence, entitled to the protection and curation of courts of equity as much as technical idiots and lunatics, and that such guardianship may be secured on the petition by next friends seeking an inquisition into the capacity, and the appointment of a committee if incapacity be found and adjudged.
In the case now before us for revision, the wife and children of John M. Shaw filed their petition in equity, charging that their home in the city of Henderson, Ky., his only property, had been sold, under execution, at an enormous sacrifice, in consequence of his recklessness and neglect, resulting from incapacitating unsoundness of mind, positively and specifically alleged, and praying therefore for a vacation of the sale, and for general relief.
The circuit court, sustaining a demurrer to the petition, dismissed it, and of this they now complain to this court. Although, as also properly said in Nailor, &c. v. Nailor, &c., the appellants have not such certain and proximate interest in the property as to entitle them to the specific relief sought by their petition; yet they had, on the allegations admitted by the demurrer, an unquestionable right to require an inquisition and curator; and their general prayer entitles them to relief to that extent.
*646 Wherefore the judgment is reversed, and the cause remanded, with instructions to institute au inquisition into the competency of John M. Shaw; and, if found incompetent, to appoint a committee, who should, as a party, prosecute the petition with him and in his behalf.
Appellees, not being necessary parties to the petition as presented, should pay no costs in this court.