104 289
109 652

104 289
e121 695

# Small, Etc. v. Reeves, Etc.

APPEAL FROM TODD CIRCUIT COURT.

1. JUDGMENT, GROUNDS FOR VACATING—UNSOUNDNESS OF MIND.—Un-
soundness of mind is an "unavoidable casualty or misfortune"
within the meaning of that phrase as used in subsection 7, sec.
518, Civil Code. Bean v. Haffendorfer, 84 Ky., 685.
2. SPECIAL JUDGE—POWER TO ACT AFTER TERM.—A special judge
elected to act on account of the disqualification of the regular
judge has no power to act after the expiration of the term at
which he was chosen; and no formal motion or affidavit was
necessary objecting to his acting. Childers v. Little, 96 Ky., 376.
3. EQUITY—TRIAL OF ISSUE OF UNSOUNDNESS OF MIND IN EQUITY
ACTION.—In an action to vacate a judgment in an equity action
the case shall be tried as if an equity action; but under sec. 12,
Civil Code, an issue of unsoundness of mind in an equity action
shall be tried by a jury on the demand of any party wishing it.

JUDGE GUFFY NOT SITTING.

B. F. PROCTOR FOR APPELLANTS.

1. Submission of the case was premature. Moreland's Assignee, v.
Citizens' Bank, 16 Ky. Law Rep., 860; Civil Code, 364.
2. Special judge not eligible beyond the term at which elected. Child-
ers v. Little, 16 Ky. Law Rep., 521; 96 Ky., 376.
3. The affidavit of T. F. Small disqualified the special judge. Massie

[19]

Small, etc., v. Reeves, etc.

v. Com., 93 Ky., 588 (14 Ky. Law Rep., 564); German Insurance Co. v. Landram, 88 Ky., 433 (10 Ky. Law Rep., 1039).

4. A change of venue to another county should have been granted. Triplett v. Scott, 5 Bush, 81.

5. A transfer to the common law docket for jury trial should have been granted. Baxter v. Knox, 17 Ky. Law Rep., 486; Savings Bank of Cincinnati v. Benton,. 2 Met., 240; Sale v. Crutchfield, 8 Bush, 636; Carder, &c., v. Weisenburgh, 15 Ky. Law Rep., 497.

6. When unsoundness of mind was the issue the court must have a jury to try the issue. Nailor v. Nailor, 4 Dana, 339; Shaw v. Dixon, 6 Bush, 644; Story's Equity Jurisprudence, sec. 1365.

7. Where the weak deals with the strong, or where a confidential relation or close kinship exists, fraud and undue influence are presumed. Hunter v. Owens, 10 Ky. Law Rep., 651; Musick v. Fisher, 16 Ky. Law Rep., 277; Smith v. Snowden, 16 Ky. Law Rep., 353; Gay v. Witherspoon, 13 Ky. Law Rep., 20; Bussey's Admr. v. Gross, 9 Ky. Law Rep., 843; Boarman's Com. v. Gardner, 7 Ky. Law Rep., 521; Lawless v. Sevier, 5 Ky. Law Rep., 239; Clutter v. Clutter, 8 Ky. Law Rep., 956; Kraft's Guard. v. Koenig, 8 Ky. Law Rep., 870; McHarry v. Irvin's Exr., 85 Ky., 322 (9 Ky. Law Rep., 245); Sears v. Hicklin, Colo., 21 Pac. R., 1022; Hill v. Miller, 50 Kansas, 659; s. c., 32 P. R., 554; Worthington v. Major, 94 Mich., 325; Story's Eq. Jur., secs. 234, 238, 242, 244, 1365, 1362; Newman's Pleading and Practice, pp. 64 and 71.

8. If attorney represents both sides, although no fraud, judgment is void. Arrington v. Arrington, N. C., 21 S. E. R., 181; Appeal of Bunn, *Idem.;* Wilson Cotton Mills v. Randleman Cotton Mills, 21 S. E. R., 431.

9. Placing parties in *statu quo* applied to only innocent purchasers. Those who deal with the imbecile are not such, and if a consideration had been received, it will not be ordered to be restored. Elder v. Schumaker (Colo. Sup.), 33 P. R., 175; Worthington v. Campbell, 8 Ky. Law Rep., 416; Musick v. Fisher, 16 Ky. Law Rep., 277.

10. The court erred in striking from the record copies of depositions filed as exhibits. Code, sec. 128.

11. The court erred in refusing to let the reply, and amended petition, be filed. Code, sec. 134; reply may be a cross-petition, 98.

T. H. HINES, W. H. YOST AND B. F. PROCTOR IN A SUPPLEMENTAL BRIEF FOR APPELLANTS.

1. Change of venue. Triplett v. Scott, 5 Bush, 82; Newcomb-Buchanan v. Baskett, 14 Bush, 662.

2. Special judges. Ky. Stat., sec. 968; Childers v. Little, 16 Ky. Law Rep., 521; 91 Ky., 376.

3. Trial of issue of fact by jury. Savings Bank of Cincinnati v. Benton, 2 Met., 240; Sale v. Crutchfield, 8 Bush, 636; Code, sec. 552.

4. Premature submission. 16 Ky. Law Rep., 746; Hendrix v. Nesbitt's Admr., 96 Ky., 652; Code, sec. 364, and authorities cited.

5. Fraudulent deed of imbecile. Abercrombie on Intellectual Powers; Wilson v. Oldham, 12 B. M., 55; Story's Equity Jur., secs. 226, 227, 234, 235, 242, 244, note to 247; Dr. W. G. Hunter's case, 3 Bush, 402; Music v. Fisher, 16 Ky. Law Rep., 277; Smith v. Snowden, Ibid, 353; Boarman's Com. v. Gardner, 7 Ky. Law Rep., 521; Shaw, &c., v. Dixon, 6 Bush, 644; Nailor v. Nailor, 4 Dana, 339; Civil Code, sec. 518.

B. F. PROCTOR FOR APPELLANTS IN REPLY TO THE SUPPLEMENTAL BRIEF FOR APPELLEES.

1. The court should have awarded a jury trial to try the issue of mental capacity.

2. The court should have granted a change of venue.

   Citations: Newman's Pleading and Practice, 466; McCormick v. McCormick, 9 Ky. Law Rep., 519; Woolfolk v. Ashby, 2 Met., 289; Musick v. Fisher, 16 Ky. Law Rep., 277; Worthington v. Campbell, 8 Ky. Law Rep., 416; Sugden on Vendors, vol. 2., 561; Carter v. West, 93 Ky., 211 (14 Ky. Law Rep., 191); Burrus, &c., v. Roulhac's Admr., 2 Bush, 39.

SAME COUNSEL IN PETITION FOR A REHEARING.

EDWARD W. HINES FOR APPELLEES.

1. Where the election of a special judge takes place on account of the disqualification of the regular judge, the powers of the special judge continue until the case is decided or another judge has been elected. Ky. Stat., sec. 968.

2. If the statute requires a re-election of special judge at each term, the Court of Appeals will presume that such an election was

held.   Salter, &c., v. Salter's Creditors, &c., 6 Bush, 624; Childers
v. Little, 96 Ky., 376, distinguished.

3. Objection to the special judge came too late after the plaintiffs
had made motions before him.   German Ins. Co. v. Landram, 88
Ky., 433.

4. The affidavit was insufficient.

5. The statute did not authorize a change of venue.   Ky. Stat., sec.
1094.

6. The question of mental capacity was not a legal issue.   Harding
v. Handy, 11 Wheat., 125; The cases of Shaw, &c. v. Dixon, &c.,
6 Bush, 644, and Nailor v. Nailor, 4 Dana, 239, are distinguished
in this; in those cases an inquisition was necessary to determine
the necessity of action by a committee or next friend.

7. The proceedings in an action to vacate a judgment follow the
practice obtaining in the action in which the judgment was
rendered.   Civil Code, secs. 520, 522, 12.

8. The submission was not premature.   Civil Code, sec. 364.

9. Small was not so lacking in mind or ignorant as to render him
incompetent to defend the action to enforce the mortgage lien.

10. "Even though the mortgage had been procured by fraud that
fact would not be ground for setting aside the judgment enforc-
ing the mortgage lien."   Ross v. Wood, 70 N. Y., 8; United
States v. Throckmorton, 98 U. S., 61.

11. The parties can not be put *in statu quo*.   Rusk v. Fenton, 14 Bush,
490.

12. The court will not presume fraud from the relation between
Reeves and Small.   Bibb v. Smith, 1 Dana, 580.

FORGY & PETRIE IN AN ADDITIONAL BRIEF FOR APPELLEES.

1. The motion to have the special judge vacate the bench came too
late.   German Ins. Co. v. Landram, 88 Ky., 433; Kentucky Central
R. R. Co. v. Kenney, 82 Ky., 154; and the affidavit was not suffi-
cient in substance.

2. The proceedings in an action to vacate a judgment follow the pro-
ceedings of the original action.   Civil Code, secs. 520, 12, 6, 11;
Newman on Pleading and Practice, p. 224; McCall v. Hitchcock. 7
Bush, 615; Same v. Same, 9 Bush, 66.

FORGY & PETRIE AND E. W. HINES IN A SUPPLEMENTAL BRIEF
FOR APPELLEES.

1. No application was made to the court below for a continuance.

Small, etc., v. Reeves, etc.·

Appellant was not entitled to a continuance of the case, because the failure to complete the issue was his own fault.

2. The parties might have agreed to submit the case to the special judge and this was practically the effect of their acts as shown by the record. Revised Statutes, vol. 2, sec. 712; it was not necessary that this agreement should be renewed at each term of the court.

3. It is not necessary in a case like this to put the parties *in statu quo.* Rusk v. Fenton, 14 Bush, 490; Am. & Eng. Enc. of Law, 'vol. 11, title "insanity," p. 150.

WM. S. PRYOR FOR APPELLEES, (E. W. HINES OF COUNSEL), IN RESPONSE TO A PETITION FOR A REHEARING BY THE APPELLANTS.

The fraud which will justify a court in setting aside a judgment must be a fraud in the obtainment of the judgment and not in the transaction out of which the judgment arose. ·Ross v. Wood, 70 N. Y., 8; Harding v. Handy, 11 Wheat., 125; Howard v. Howard, 87 Ky., 616; Nailor v. Nailor, 4 Dana, 239; Shaw v. Dixon, 6 Bush, 644.

W. S. PRYOR IN A SUPPLEMENTAL RESPONSE TO A PETITION FOR A REHEARING. .

No confidential relations existed between Judge Reeves and the appellant, Small.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellant, Small, by his next friend, brought this action to vacate a default judgment rendered by the Todd Circuit Court, in equity, at the November term, 1887, by which certain land belonging to appellant was subjected to pay the amount of certain mortgages signed by him; one of which was in favor of appellee Reeves, and another in favor of B. D. Johnson by whom the suit was originally brought, Reeves being made a party defendant, and coming in by cross petition. It is unnecessary, for the pur-· pose of this opinion, ,to state the facts of this suit further than to say that the relief here sought is claimed upon the

ground that William Small, at the time of the execution of the notes and mortgages set up in the former suit, was of unsound mind, incapable in law to make a contract; that he had been in a condition of mental unsoundness from his birth, and at no time possessed sufficient mental capacity to transact business. As held by this court in the case of Bean v. Haffendorfer, 84 Ky. 685 [2 S. W. 556, and 3 S. W. 138], such unsoundness, if it existed, is such a misfortune, within the meaning of subsection 7, sec. 518, Civ. Code, as will authorize the court to vacate or modify the judgment.

The appellee Reeves, being the regular Judge of the Todd Circuit Court, and therefore disqualified to preside, F. H. Bristow was elected special judge at the December term, 1893, "to sit in this action," as recited in the order, in pursuance of section 968 of the Kentucky Statutes. Certain motions were made and acted upon at that term, and the case was continued. No steps appear to have been taken at the March term, but at the July term several motions were made before him; among others, one on behalf of appellant to submit the cause for judgment, which was overruled. But at the December term, 1894, a petition for a change of venue was filed, in which, among other things, not necessary here to be considered, it was averred that "F. H. Bristow, who was elected to preside in this case at a former term," was related to a person who was sought to be made a party defendant, "and that said Bristow can not act by virtue of said election, as he was chosen only for the single term at which he was elected, and that said Bristow can not properly preside," etc. In the petition for a change of venue and the affidavit various grounds of objection to Bristow acting as special judge in the case are set out, but, in the view we take of the case, are not neces-

sary to be now considered. A motion was made "to have Special Judge Bristow to vacate the bench." It is claimed on behalf of appellee that no formal objection was made to Judge Bristow sitting in the case, based specifically upon the ground that his election did not authorize him to sit as such judge at a subsequent term; the objection which was made being contained in the petition for a change of venue, and the motion to vacate being predicated upon the alleged ground of partiality, etc.; but we are clearly of opinion that, if he was not authorized to sit at a subsequent term to that of his election, no formal motion or affidavit was necessary. A mere suggestion upon the record would have been sufficient. Did his election empower him to hold court in the case in which he was elected at a subsequent term to his election? In section 968, Ky. Stat., are consolidated the provisions of the General Statutes and of the act of April 17, 1882. That section reads as follows: "When, from any cause, the judge of the circuit court fails to attend, or being in attendance, can not properly preside in the action pending in said court, or if either party shall file with the clerk of the court his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the parties, by agreement, may select one of the attorneys of the court to preside on the trial, or hear the application, or hold the court for the occasion; and on their failure to agree upon an attorney, the attorneys of the court who are present and not interested, nor employed in the cause, shall elect an attorney of the court then in attendance, having the qualifications of a circuit judge, to hold the court for the occasion, who shall preside accordingly; and the judge so elected shall preside in all cases called during the term, in the absence of the regular judge, or in which he

can not preside, except in those cases in which the special judge can not properly preside." By the amendment of April 17, 1882, referred to, it was provided that when, under the section of the General Statutes theretofore in force (section 1, art. 7, c. 28), it became necessary to elect a special judge, "the judge so elected shall preside in all cases called during such term in the absence of the regular judge, and in all cases in which the regular judge can not properly preside, except in those in which it is improper for said special judge to preside," which provision was not contained in the General Statutes. After full consideration by the entire court, we have reached the conclusion that the case of Childers v. Little, 96 Ky., 376, [29 S. W. 319], is decisive of the question, and that Bristow had no legal authority to act as judge in the case after the expiration of the term at which he was elected. The statutory provision that the judge so selected shall preside in all cases called during the term applies, we think, not only to other cases in which the regular judge can not preside, but to the case in which the special judge was elected, and indicates an intention to fix a definite term beyond which judicial power can not be exercised by a special judge. It was deemed necessary in the case of a special judge appointed by the governor in cases where the parties could not agree, and the bar failed to elect, to give specific statutory authority to such appointee to hold a special term to try any case after such notice or order as required when such special term is held (Ky. Stat. Sec. 971); from which specific grant of authority in the one case it may be inferred that it was not intended to grant that authority to a special judge elected by the bar,—an authority which would be implied if he were held to continue as judge after the expiration of the term at which he was elected.

One other question is necessary to be considered by this court, as it is alleged as error, and may arise upon a re-trial. The appellant demanded a jury trial of the issues of fact in the cause. Under section 520 of the Civil Code it is provided that on a petition in a proceeding to vacate or modify a judgment like this "the proceedings shall be the same as those in the action in which the judgment was rendered;" and it is contended that, as the original suit was properly in equity, being to enforce a mortgage lien, this case must be tried in equity. In this we concur. But by section 12 of the Civil Code it is provided that "in an equitable action, properly commenced as such, either party may by motion have the cause transferred to the ordinary docket for the trial of any issue concerning which he is en-titled to a jury trial, but either party may require every equitable issue to be disposed of before such transfer." Under this section it has been held in Hill v. Phillips, 87 Ky., 169, [10 Ky. Law Rep., 31, S. W., 917], that if the legal issue depends upon the decision of the equitable issue, the former should not be transferred until the latter be decided; "but, if the equitable issue depends upon the result of the legal issue, then the latter should be transferred on motion to the ordinary docket to be first tried by a jury." So, in Meek v. McCall, 80 Ky., 371, it was held that upon a plea of payment that issue should have been transferred to the ordinary docket. Nothing in section 520, which requires this proceeding to be in equity, at all militates against the right of the appellant to have the legal issue of his sanity tried by a jury. In Howard v. Howard, 87 Ky., 619, [9 S. W. 411], this court said: "This court, in the cases of Nailor v. Nailor, 4 Dana, 339, and Shaw v. Dixon, 6 Bush, 644, decided that a court of equity had no jurisdiction to hear and determine, upon its merits, a case brought by a

person to set aside a sale of another person's property upon the ground that such person was of unsound mind, and incompetent to make the sale. But where the petition set up facts showing that such person was of unsound mind, and not capable of taking care of his property, the chancellor would not dismiss it, but would treat it as an information, upon which he would direct an inquisition against such person, to be tried by a jury; and, if he was found to be of unsound mind, then the court would appoint a committee to take charge of his person and estate, and to prosecute in his name the action instituted by such person." In that case, as well as in those referred to therein, the question was whether relief could be obtained by a committee or next friend on behalf of a person of unsound mind, and the trial of the question of mental unsoundness was directed to be made by a jury. In those cases the question was as to the existing mental condition of the persons at the time of the suit, but it seems clear to us upon principle that the issue whether the person whose contract is sought to be avoided was non compos at the date of the particular transaction is a legal issue, and properly triable by a jury. This disposes of the questions essential to be decided at the present time. For the reasons stated, a rehearing is granted, and the cause is reversed, with directions to award appellants a new trial, and for proceedings consistent herewith.

Judge Guffy did not sit in this case.