Case 87.—ACTION BY J. C. DUPOYSTER AGAINST FORT JEF-
FERSON IMPROVEMENT CO. MOTION FOR A WRIT OF
PROHIBITION PROHIBITING W. I. CLARKE AS SPECIAL
JUDGE FROM MAKING A CONTEMPT RULE AGAINST
THE PLAINTIFF.—January 5.

## Dupoyster v. Clarke, Special Judge.

## Motion made and heard in Appellate Court.

1. Courts—Special Judges of—Under the provisions of secs. 968
and 971, Ky. Stats., special judges of circuit courts have no
authority in any case except that in which they shall be ap-
pointed, and their powers are not limited to the terms
for which they have been appointed, or to one term, a special
term, if necessary, may be held.
2. Same—Rule in Vacation—A special judge, however, can not
in vacation award a contempt rule for the disobedience of
the orders of the court. It can only be awarded when the
regular term comes. Neither has he the power to enter
an order in vacation directing a receiver to pay over money
in his hand. Such a matter must be heard and determined
at a term of court.

JOHN W. RAY for petitioner.

W. I. CLARKE for defendant.

OPINION BY CHIEF JUSTICE HOBSON—Sustaining
motion.

Article 7, chapter 28, of the General Statutes, pro-
vided that, if the regular circuit judge could not prop-
erly preside in an action, the parties might by agree-
ment select an attorney to hold the court for the oc-
casion, and on their failue to agree upon an attorney
one should be selected by the bar to hold the court for
the occasion. By an amendment it was provided that
the judge so elected should preside in all cases called
during the term in which the regular judge could not

properly preside.   Under these provisions it was held in Childers v. Little, 96 Ky., 377, 16 Ky. Law Rep., 521, 29 S. W., 319, that the special judge elected to hold court for the occasion and empowered to preside in all cases at that term had no power to preside at a subsequent term.   This ruling was adhered to in Small v. Reeves, 104 Ky., 289, 20 Ky. Law Rep., 504, 46 S. W., 726.   But in that case this was further said: "It was deemed necessary, in the case of a special judge appointed by the Governor in cases where the parties could not agree and the bar failed to elect, to give specific statutory authority to such appointee to hold a special term to try any case after such notice or order as required when such special term is held (Ky. Stats. 1903, sec. 971), from which specific grant of authority in the one case it may be inferred that it was not intended to grant the authority to a special judge elected by the bar—an authority which would be implied if he were held to continue as judge after the expiration of the term at which he was elected." Since that decision was rendered the Legislature has again amended the statute, and has provided by section 968 of the Ky. Stats., as amended, that, where the regular circuit judge can not properly preside, the parties may agree on an attorney to try the case. Section 971, as amended, reads as follows, viz: "In the absence of the regular judge, or when he can not preside, if the parties can not agree upon an attorney to act as judge who is present, the clerk shall at once notify the Governor, who shall appoint as circuit judge an attorney having the qualifications of a circuit judge to hold the court, or to try the case, and the judge so appointed shall have all the powers of the regular judges, and receive the same compensation as a special judge, and ten cents per mile in going to and re-

turning from the court, and he may, if necessary, hold a special term to try any case, after such notice or order as required when a special term is held." Under these statutory provisions, the special judge has no authority in any other case except that in which he is appointed, and his power is not limited to the term at which he is appointed, or to one term, but he is given all the powers of the regular judge. He may, if necessary, hold a special term to try the case, and it is his duty to try the case. The power to try the case carries with it the power to dispose of it finally. The regular circuit judge can not sit in the case. The special judge sits in his stead, and has all the powers of the regular judge in that case.

In the case before us W. I. Clarke was commissioned by the Governor in August, 1903, as special judge to try the case of J. C. Dupoyster v. Ft. Jefferson Improvement Company, in the Ballard Circuit Court; the regular judge being disqualified to sit in the case. His powers were not confined to the August term of the Ballard Circuit Court, but continue until the case is tried; and, when a judgment is entered, he may by proper orders enforce the judgment just as the regular circuit judge may do. Such orders as the regular circuit judge may make in vacation, he may make. Such orders as a regular circuit judge can not make in vacation, he can not make in vacation without calling a special term. If steps are necessary in vacation, which the statute has not authorized the judge to take except in term time, a special term of the court may be called before action is taken; and, in calling a special term, the special judge must proceed precisely as the regular judge would proceed under the statute. The special judge here has made a rule upon the petitioner in vacation to answer at the next regular term and show cause why he shall not be punished

for contempt in disobeying the orders of the court. Such a rule can not be awarded in vacation. When the regular term comes, the rule may be awarded, and after reasonable notice may be heard, or, if necessary a special term may be called to dispose of the matter. It also appears from the petition that in vacation the special judge entered a judgment directing the receiver to pay over certain money in his hand. No judgment of this kind may be entered in vacation, but the matter should be heard and determined at a term of court. The judge is authorized in vacation to make an order appointing a receiver, and the special judge had authority to make the order appointing the receiver complained of.

The only question on this application is whether the circuit judge had jurisdiction.. The propriety of his order in appointing the receiver or directing him to take charge of the property can not be inquired into now. This matter may be reached by an appeal from the order. We will add, however, that the court may from time to time give the receiver such directions as will prevent a sacrifice of the rights of the parties. As we understand the record, only the timber cut from the two tracts of land allotted to R. S. and Joseph Dupoyster, is in controversy, and some of this timber has been hauled to a sawmill. The timber that has been cut and hauled to the sawmill should not be allowed to waste, and the receiver should be directed so far as it may properly be done, to carry out contracts made for the sale of the timber, if beneficial to the parties, and to hold the proceeds subject to the order of the court. The litigation has been very prolonged and as speedily as possible it should be brought to a close, when the rights of the parties have been finally defined.

The motion for a writ of prohibition is sustained as to the rule made against J. C. Dupoyster, and as to the order directing the receiver to pay over certain money in his hand. As to other matters, the motion is overruled.