### Dial v. Commonwealth, et al.

(Decided April 12, 1911.)

### Original Action in Court of Appeals.

1.   Special Judges.—Chapter 3 of the Act of 1910 creating Special Judges and entitled "An Act to provide for holding Circuit Court and the trial of cases therein when from any cause the Judge shall fail to attend, or if in attendance, can not properly preside," applies to Circuit Courts having a continuous session and two judges.

2.   Same—Reappointment of—Where a Special Judge has tried a case under the appointment of the Governor under the Act of 1910, he is

functus officio and can not subsequently retry the case under the original appointment.

3. Same.—The Act of 1910 requires a separate notification and appointment of a special Judge by the Governor for each extra service by the Special Judge in holding a court or trying a case.

4. Same—Powers in Vacation.—A Special Judge, appointed under the Act of 1910, may make such orders or perform such acts, in vacation, for the completion of his records or the enforcement of his judgments that a regular judge may make in vacation; and this power will continue until the next term, or until he shall have been superseded by the return of the regular judge (if he has failed to serve by reason of his absence), or by the designation of a different Special Judge by the Governor.

5. Same—Powers after Expiration of Term.—When a Special Judge has given time beyond the term to file a bill of exceptions he may, at a special term called by him, approve and file the bill; or, he may do this at the next regular term when he has, at the previous term, so given time.

R. W. NELSON and J. S. ELLISTON for plaintiff.

JAMES BREATHITT, Attorney General; THEO. B. BLAKEY, Assistant Attorney General, and RICHARD B. WILLIAMS for defendant.

OPINION OF THE COURT BY JUDGE MILLER—Denying Writ of Prohibition.

This is an original proceeding by petition filed in this Court, in which plaintiff J. M. Dial asks a writ of prohibition to restrain the defendant J. W. Cammack, Judge of the Thirteenth Judicial District, from presiding as special judge in the trial of said Dial upon a charge of subornation of perjury in the Kenton Circuit Court.

Kenton County comprises the Sixteenth Judicial District of the State, and the Kenton Circuit Court is a court of continuous session, composed of two divisions entitled the Criminal, Common Law and Equity Division, presided over by Judge F. M. Tracy, and the Common Law and Equity Division, presided over by Judge M. L. Harbeson.

Judge Tracy having declined to try said case, the Governor, upon proper application made to him, appointed the defendant J. W. Cammack, the regular circuit judge of the Thirteenth Judicial District, to try said case as special judge under the authority vested in the Governor by virtue of chapter 13 of the Acts of 1910, which became a law without the approval of the Governor. The act, in brief, empowers the Governor to commission the regular circuit judges of the Commonwealth as special judges, and to assign them for the trial of cases in other circuits whenever the regular circuit judge for any reason can not or does not hold his court. The petition alleges

that the Governor had no right to appoint J. W. Cammack under the act of 1910 to try the plaintiff's case; and that said appointment being void and of no effect, said Cammack is without jurisdiction to try the action.

The case is before us upon a demurrer to the petition which necessarily requires a consideration of the Act of 1910 and the several sections of the Kentucky Statutes relating to the selection of special judges of circuit courts.

Kenton County embraces the City of Covington, which is a city of the second class. Prior to the Act of 1910 the statutory provisions governing the selection of special judges of circuit courts were found in several sections of chapter 35 of the Kentucky Statutes, which deals with "Courts of Justice." Article 2 of said chapter deals with Circuit Courts, and sub-division II. of that Article is entitled "Jurisdiction—General Provisions" of circuit courts. Section 968 of the sub-division, relating to general provisions, declares that when, from any cause, the judge of the circuit court shall fail to attend, or can not properly preside in an action, the parties, by agreement, may elect an attorney of the court to preside on the trial or hold the court. Section 969 provides compensation for special judges. Section 970 of the same sub-division provides that, if the person first selected by agreement of the parties, fails or refuses to act, or can not properly act, the parties may make further agreements as to a judge until one is selected who can and will act as special judge for the occasion. And finally, we have the following general provision, found in section 971 of the same sub-division, authorizing the Governor to appoint a special judge when the parties can not agree upon one, to-wit:

"In the absence of the regular judge, or when he can not preside, if the parties can not agree upon an attorney to act as judge, who is present, the clerk shall at once notify the Governor, who shall appoint as circuit judge an attorney having the qualifications of a circuit judge to hold the court, or try the case, and receive the same compensation as a special judge, and ten cents per mile in going to and returning from the court, and he may, if necessary, hold a special term to try any case, after such notice or order as required when a special term is held."

It will be noticed that the foregoing sections of sub-division II. of the statutes are general in their nature and are applicable to the circuit courts throughout the State, unless there be other provisions governing circuit courts of a different character by reason of their organization.

We have such provisions in the following sub-divisions of the same chapter of the statutes. Subdivision III., which is applicable to circuit courts of continuous session and one judge, contains no additional provision for the appointment of a special judge, and they, of course, were in this respect controlled by section 971, above quoted. Sub-division IV. of the same chapter of the statutes, which is applicable to circuit courts having continuous sessions and two judges—which is the case at bar—contains the following provision in sub-section 14 of section 1019b:

"Where by reason of the nature of the cause, or the disability of the judge of the division of the court wherein any civil action shall be pending, such judge can not sit in the trial of the action, the judge of the other division may, upon the request of the judge of the division in which such action is pending, entered upon the order book of that division, preside in the trial or hearing of such action. If both judges be disqualified, or if in any criminal action or proceeding the judge of the Criminal, Common Law and Equity Division be disqualified from presiding at the trial of the action, a special judge shall be. selected as provided by law."

It will be noticed that, when the judge of the Criminal, Common Law and Equity Division is disqualified from presiding at the trial of a criminal case, a special judge shall be selected as provided by law; that is, by agreement under sections 968 and 970, if it can be effected, or by an appointment by the Governor under section 971, if the parties fail to agree upon a special judge. In either class of cases,—whether it be the case of a court having a continuous session with one judge, or the case of a court of continuous session with two judges, as we have before us,—the general provisions above referred to would control, for the reason that there is no special provision in the first class of cases, and in the second class, the statute expressly provides that the special judge shall be selected as provided by the general law upon that subject.

The law thus stood as to the selection of special judges in these two classes of circuit courts of the State in 1910, when the legislature passed the act found in chapter 3 of the Acts of 1910, above referred to, and entitled "An Act to provide for holding Circuit Courts and the trial of cases therein when from any cause the Judge shall fail to attend, or if in attendance, can not properly preside." (Acts of 1910, p. 20.) The first, second and seventh sec-

tions of said act, which are pertinent to the question before us, read as follows:

"Sec. 1.    That the regular Circuit Judges of the Commonwealth of Kentucky, except those whose districts embrace a city of either the first or second class, and wherein a court of continuous session is held, be and they are hereby authorized to act as Special Judges of the Circuit Courts of this Commonwealth."

"Sec. 2.    In the absence of the regular judge of any Circuit Court in this Commonwealth, or when he can not preside, in any particular case or cases, if the parties can not agree upon an attorney who is present to act as Judge, and who shall receive no compensation for his services, the clerk shall at once notify the Governor, who, in turn, shall immediately notify one of the Circuit Judges mentioned above who is not then engaged in holding a regular or special term of court in his district, and it shall be the duty of said Circuit Judge so notified by the Governor, to hold the court, or try the case, and the judge so notified by the Governor shall have all the powers of a regular judge of said court."

"Sec. 7.    All laws or parts of laws in conflict herewith, and particularly 971 of the Kentucky Statutes, are hereby repealed."

Evidently the scheme and purpose of this statute was to make a radical change throughout the State in the selection of special circuit court judges, by eliminating the appointments of attorneys by the Governor, and substituting in lieu thereof all the regular circuit judges of the Commonwealth (except those whose districts embraced a city of either the first or second class, and wherein a court of continuous session is held) who became, by virtue of the act, special judges for holding circuit courts, and the trial of cases outside of their respective districts. By its terms, the Act of 1910 repealed section 971 and similar statutes, and became the general law upon the subject. Therefore, when subsection 14 of section 1019b, *supra,* requires that a special judge of a circuit court of continuous session and having two judges shall, under the circumstances of the present case, be selected as provided by law, it means that it must be selected as required by the act of 1910, and not otherwise.

We see no force in the objection to the statute, that it requires the circuit judges of courts which do not have a continuous session to act in courts of continuous session, while it does not require circuit judges of courts having a

continuous session to preside in courts which do not have a continuous session. Of course, a judge of a court having continuous session would be constantly engaged in his own court, and would have no time to give to other courts; and in making this distinction the legislature simply provided for a condition that necessarily must exist. On the other hand, in requiring the judge of a court having terms, to devote a part of his unoccupied time to holding a court of continuous session, it merely carried out the general plan of the act of substituting the regular circuit judges to act as special judges in place of attorneys, whenever it was practicable. And, although section 7 of the act expressly repealed not only section 971 of the Kentucky Statutes above quoted, but all laws, or parts of laws, in conflict with the act of 1910, it retained some of the features of the repealed statutes. An instance is found in section 2 of the Act of 1910, which retains the old provision for the selection of an attorney as special judge by the agreement of the parties, but makes a change by providing that he shall receive no compensation for his services. In this latter respect it repeals section 969 of the statutes, which provided for the compensation of special judges. But the Act of 1910, is now the general law upon the subject and controls the case at bar; and under it, the Governor was fully authorized to designate Judge Cammack to try the indictment against the plaintiff in the Kenton Circuit Court.

2. The petition presents, however, another question of more difficuty. Under the Governor's designation Judge Cammack tried the plaintiff in 1910, and by that trial plaintiff was found guilty. Upon plaintiff's appeal he obtained a reversal and a new trial. The writ of prohibition is aimed at this second trial which Judge Cammack proposes to hold under the original designation by the Governor. Plaintiff contends, that Judge Cammack having tried the case to a verdict and judgment, his powers as special judge under said appointment by the Governor have been exhausted, and that he is, as to this case, *functus officio*. We feel compelled to concur in this view of the law. We are not unmindful that this court has heretofore held that statutes containing language similar to the Act of 1910, did not restrict the power of the special judges to the terms for which they had been appointed. (Dupoyster v. Clarke, Special Judge, 121 Ky. 694.) There is however, such a manifest difference between the statutes as to clearly indicate that the interpre-

tation given to the old statutes should not be applied to he Act of 1910. The Act of 1910 provided an entirely new scheme or plan for the supplying of special judges, and the regulation and equitable distribution of their work. The fifth section of that act requires, among other things, that the selection of the special judge and the reason for such selection must be entered upon the order book of the court. Moreover, it requires the Governor to assign a regular judge to special work as a special judge out of his district only when he is not engaged in holding a regular or special term of court in his own district; and that in doing so the Governor shall divide such special judge work as equally as is practicable between all the regular judges who have been commissioned as special judges. In order to accomplish this end, the statute evidently contemplates a separate notification or appointment by the Governor for each extra service by the special judge in holding a court or trying a case.

It will hardly be contended that an appointment of a special judge by the Governor to hold a term of court would authorize the special judge to hold a subsequent term for the purpose of retrying cases in which a new trial is to be had, or in which there had been a mistrial at his former term. And, if a reappointment be necessary to authorize a special judge to hold a subsequent term of court for the trial, or retrial, of many cases, it must follow that a reappointment is equally necessary for the subsequent retrial of a single case. Any other construction of the act might not only embarrass and delay the public business, but would deprive the Governor of the power of equalizing and facilitating the work in the manner contemplated by the statute.

We do not hold, however, that when a special judge under the Act of 1910, holds a term of court or tries a case, his powers are necessarily ended with the termination of the court, or the entry of a judgment in a case; for he may make such orders or perform such acts, in vacation, for the completion of his records or the enforcement of his judgments that a regular judge may make in vacation; and this power will continue until the next term, or until he shall have been superseded by the return of the regular judge (if he has failed to serve by reason of his absence), or by the designation of a different special judge by the Governor. When time is given beyond the term to file a bill of exceptions, he may at a special term, called by him, ap-

prove and file the bill; or, he may do this at the next regular term when he has at the previous term, so given time.

It follows, therefore, that the demurrer to the petition should be overruled.

It appearing, however, from the answer of Judge Cammack, filed April 10, 1911, that he has been, on March 21, 1911, again designated by the Governor to try plaintiff's case, all the requirements of the statute have been thereby complied with, and he is fully authorized to proceed with the trial.

Considering the case upon the merits, the writ will be denied.