## Burks, et al. v. Douglass, et al.

(Decided December 16, 1913).

Appeal from Hickman Circuit Court.

New Trial—Action For—Pleading.—In an action for a new trial under Section 518 Civil Code, the plaintiff must show grounds for vacating the judgment sought to be set aside; and when he was defendant, must also show that he has a good and valid defense to the action; and his action must fail unless he establishes both of these grounds.

J. KELLY SMITH for appellants.

R. B. FLATT and BENNETT, ROBBINS & THOMAS for appellees.

Opinion of the Court by Judge Hannah—Affirming.

On December 2, 1909, Malissa Douglass filed a suit in equity against G. H. Burks, in the Hickman Circuit Court, alleging that on August 28, 1905, she purchased from the said Burks, by verbal contract, a certain house and lot in Columbus, Hickman County, Kentucky, for the agreed price of $150; that he placed her in possession of said premises; that she had paid him the sum of $70 on said purchase price; that said Burks had made a pretended sale of said property to one Lindsey Jackson, who was setting up claim thereto; she prayed for specific performance of the contract, or in lieu thereof, for judgment against said Burks in the sum of $70, and that same be enforced as a lien upon said property. On May 21, 1910, defendant Burks filed a demurrer to the petition; and on October 19, 1910, a judgment by default was rendered against defendant Burks, adjudging plaintiff, Malissa Douglass, a lien on said property in the sum of $70, the judgment containing the necessary order for the enforcement thereof by sale of the property. When said property was sold, under said judgment and order of sale, appellant Burks became the purchaser, and executed bond for the purchase price thereof to the Master Commissioner of the court. Appellant then filed exceptions to the said Commissioner's report of sale upon the ground that he had employed J. W. Bennett, an attorney at Clinton, Hickman County, to represent him in said action, and had paid him a fee therefor; that he, appellant, was present at the first term of said court after the service of the summons in said action, and his attorney

had then filed a demurrer to the petition, no further steps being taken at that term; that during the next succeeding term of said court, he, said Burks, was at his home in Paducah, ill and unable to attend court; that the attorney whom he had employed and paid negligently failed to make defense of said action in his behalf; and that the judgment was rendered against him by default. The exceptions to the report of sale were overruled. On March 27, 1911, said Burks filed in the Hickman Circuit Court a petition for vacation of the judgment above mentioned, under section 518 of the Civil Code, and for a new trial of said action, upon the grounds of accident and unavoidable casualty as the result of the negligence and failure of his employed and paid counsel. He further alleged that he has a good defense to the action. The allegation setting out his defense is as follows: "Now plaintiff says that he has a good and sufficient defense to the said action of Malissa Douglass, plaintiff, vs. G. H. Burks and Lindsey Jackson, defendants, to-wit: that the said Malissa Douglass is indebted to this plaintiff in the sum of $270.00 as follows, to-wit: Seven years rent at $2.50 per month, $210.00; total destruction of house, $50.00; destruction of fruit trees, $10.00; making a total as stated of $270.00, all of which sum the said Malissa Douglass rightfully and justly owes this plaintiff. Plaintiff further denies that he owes this defendant anything, either in the sum of $70.00, or any other sum, and alleges that she is largely indebted to him, and that she came to him and of her own accord relinquished the property on which the said $70.00 had been paid, stating that she could make no further payment thereon, and thereafter abandoned and left said property, then in debt to this plaintiff as above set out." Issue was joined on this petition and proof taken. Upon submission, the chancellor dismissed the petition; the judgment dismissing same is by this appeal sought to be reversed.

To vacate a judgment and obtain a new trial, there must be (1) grounds for the vacating of the judgment, and (2) the defendant applying for such relief must establish that he has a valid defense to the action. Appellant alleges that he employed an attorney to represent him in the case, and that said attorney neglected to do so; that appellant was absent on account of illness; and that judgment went against him by default. On this question the evidence is conflicting. The attorney swears

that he was not employed in this case, but that the employment was to defend an action appellant was expecting the aforesaid Lindsey Jackson to enter against him. He says that he went to the clerk's office with appellant, and asked the clerk whether such a suit had been filed, and that the clerk gave them the papers in this case, and that appellant then said that this was not the case that he had employed him in. Appellant contradicts the attorney in this, and introduced a witness who heard part of the conversation, and who corroborates appellant in part. The record shows that a demurrer was filed to the petition, but there is no evidence showing who presented said demurrer to be filed; and the evidence shows that said demurrer has been lost out of the record.

The petition in the original action sets out in full, three receipts for seventy dollars paid on said house and lot, each signed by appellant, and each showing that same was a payment on a house and lot. Appellant does not deny the contract of sale, but seeks to avoid it by alleging that appellee "relinquished the property on which the said seventy dollars had been paid, and abandoned and left the property." This allegation is no defense to an action to recover back the money paid on a verbal contract for the sale of land. The contract was not enforcible and appellee had a right to elect to abandon the property and sue for the money paid

It will be seen that appellant in his petition fails to show when any of the items set out in his account against appellee became due. Appellee in an amended answer pleads and relies on the statute of limitations to all of said items. The item of $210 was for rent of the house and lot in question herein, and before the sale thereof by appellant to appellee. Appellee took possession under said sale on August 28, 1905, and appellant's petition was filed March 27, 1911, five years and seven months thereafter, so it will be seen that this item was barred by limitation. Appellee swears that she did not owe him any rent, and it is not reasonable that appellant would sell her on credit property for $150, on which she then owed him $210 for rent. On the $50 item "for total destruction of a house," the evidence shows that appellee, while she lived on this lot, under an arrangement with her brother-in-law, Lindsey Jackson, moved a better house on this lot than the one she had bought from appellant; and that she tore down the old one (a leaky cabin) and used the lumber that was of any value whatever, in

building an out-house, and in repairing the fencing, leaving a better house on the lot than the one received. It is true the evidence shows that this brother-in-law, after appellee went away, moved the house off of this lot, but under the contract with her he had no right to do so, and appellee is not chargeable with his action in that respect.

The $10.00 item is for destruction of fruit trees and there is no evidence that appellee destroyed any of the fruit trees. She swears that a storm destroyed them; and the only evidence to the contrary is that of one witness who swears that a son-in-law of appellee split some limbs from a peach tree while he was getting some peaches; and another witness who says he saw some of the family cutting some of the limbs of the apple trees for wood; and that all the trees were worth from $5 to $10; and all of this was done while appellee, Malissa Douglass, owned the lot.

So from the evidence in the case, it is evident that the lower court concluded that appellant had no defense to the original action; and for that reason dismissed appellant's petition for a new trial. We find no error in this conclusion; and the judgment is affirmed.