## Roberts v. Baker.

(Decided March 3, 1931.)

338

WILLIAM A. EARL for appellant.

HARDY, HARDY & BULLITT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The appellee was an employee of B. F. Avery & Sons in Louisville. About the 2d day of August, 1928, the appellant, James J. Roberts, made an affidavit and executed bond before Carl S. Webb, a justice of the peace of Jefferson county, and obtained an attachment against the property of appellee, for the sum of $11, which he claimed appellee owed him. B. F. Avery & Sons, were garnisheed for this amount by the serving of the garnishment on them by C. L. Manning, constable of Jefferson county, on the 2d day of August, 1928. They withheld $11 of appellee's wages for the debt and $5 for costs. It does not appear that a summons was served on appellee in that proceeding, but after the attachment was served, the appellant and appellee had a meeting to discuss the subject of the attachment. The appellee claimed that he was not the party who owed the debt sued on. The appellant, being doubtful as to whether he was the proper party, did not consent to have the attachment dismissed. After further investigation by appellant, and communication between appellant and appellee about the attachment, it was dismissed, and no further proceedings were taken in regard to it.

On the 8th day of November, 1928, the appellee filed in the Jefferson circuit court against the appellant, an action to recover damages which he alleged resulted from the wrongful issual of the attachment. He alleged that it was maliciously and wrongfully issued without probable cause; that he was receiving $10 a day for his services from B. F. Avery & Sons, and that he lost his wages for the 3d, 7th, 14, 18th, and 25th of August, 1928, by reason thereof. He sought to recover $50 special damages for loss of wages, and $5,000 for malicious prosecution of the attachment in the magistrate's court. After summons was served on appellant in that action, he employed a lawyer to represent him, and to present his defense in the action. A demurrer was filed by his lawyer to the petition. It was overruled on February 2, 1929. On February 4th, 1929, appellee requested the

court to set the action for trial. After that conferences where held by the lawyers of the parties for the purpose of discussing and setting aside the order setting the case for trial. The action remained under submission for some time, during which time the lawyers were continuing to discuss the setting aside of the order of submission. On June 25, 1929, a jury was impaneled and the case submitted to it, with instructions to find for the appellee. A verdict was returned fixing appellee's damages at $550, with interest at 6 per cent. per annum from date of the judgment. On August 8th, the lawyer of appellant had notice served on the lawyer of appellee that on August 10th he would move the court to set aside and vacate the judgment of June 25, 1929. On that date neither appellant nor his lawyer appeared in court to attend the hearing of this motion. The appellant claims in his pleading that he knew nothing of the case being set for trial, nor of the rendition of the judgment, until July, 1929.

On August 22, 1929, the appellant employed another lawyer, and had notice served on the lawyer of the appellee to the effect that on August 23, 1929, he would enter motion in court to set aside the verdict and judgment thereon and move the court to grant him a new trial. In accordance to this notice, on the date indicated in it the appellant by his second employed lawyer entered his motion, and filed grounds for a new trial. After counter affidavits were filed by the appellee, the court, on the hearing of the motion and considering his grounds for a new trial, overruled same and refused to grant a new trial.

On November 15, 1929, the appellant filed a petition at law, not in equity, under section 518, Civil Code of Practice, seeking a new trial. Summons was issued thereon and served on appellee on the 4th day of December, 1929. In his petition for a new trial he styled it the same as the original suit, that is, Roscoe Baker, Plaintiff v. James J. Roberts, Defendant. Later he gave notice, which was served on appellee, that he would enter a motion in court to correct the caption by making it read, James J. Roberts, Plaintiff v. Roscoe Baker, Defendant. This motion was sustained. An order was accordingly entered directing a correction to be made in the style of the action. The appellee entered a motion to strike appellant's petition from the record. The motion

was sustained, and this appeal is now prosecuted from this order.

In his petition for a new trial he sets out the petition in the original suit, copy of the verdict of the jury and judgment thereon, a traverse of the allegations of the original petition, and a defense thereto. For a new trial, he alleges that from November 7, 1928, continuously until July 15, 1929, "he was sick, under the care of a physician and confined to his bed, and unable to attend to any business of any kind until July 15, 1929; that the attorney he first employed was from the 15th of June, 1929, until July 15th, 1929, sick and confined to his bed; that but for the fact he himself was sick and confined to his bed and under the care of a physician from the 7th of November, 1928, until the 15th of July, 1929, he, with counsel, would have been in court at the trial of the case." It will be observed that the trial, the verdict of the jury, and the judgment thereon, occurred June 25, 1929, and that the allegations made in the petition are that both appellant and his lawyer were sick and confined to their bed at that time.

These allegations of the petition are sufficient under the Civil Code of Practice, section 518, to warrant vacating the judgment if not denied. They show prima facie unavoidable casualty, in that defendant and his attorney were unable, by reason of sickness, to attend court and give proper attention to the law suit at the time of the trial. Ohio Valley Fire & Marine Ins. Co., Receiver, v. Newman et al., 227 Ky. 554, 13 S. W. (2d) 771.

The petition for a new trial contains allegations sufficient to constitute a prima facie valid defense to the original cause of action. Burks v. Douglas et al., 156 Ky. 462, 161 S. W. 225; Small v. Reeves, 104 Ky. 289, 46 S. W. 726, 20 Ky. Law Rep. 504. Without considering or in any wise determining the fact of the truth of the allegations. or the sufficiency of the evidence that may be introduced to sustain the merit of the case, there was a prima facie showing of cause for a new trial, and of a valid defense to the action which was not presented by reason of unavoidable casualty and misfortune. Wilson v. Rockcastle M., L. & O. Co., 200 Ky. 484, 255 S. W. 88.

Appellant's petition meets all the requirements of section 520, Civil Code of Practice as it was construed and applied in the case of Jeffers, Receiver v. Taylor, 178 Ky. 392, 198 S. W. 1160, 1163. Perhaps before the appellant entered his motion to correct the caption of

the petition, if the appellee had entered his motion to strike the petition from the record, possibly there would have been some basis for sustaining his motion. But, after the caption was corrected by the order of court, it was then too late to have it stricken, for it, if not literally, substantially complied with the section supra, and its construction as given it in the Jeffers Case. The petition was verified: it set forth the judgment, the grounds to vacate, and the alleged defense to the original action. A summons was issued thereon and served. These essentials were lacking in the Jeffers Case. It was not verified; it did not set forth the judgment except by date reference; it was not styled petition; no summons issued on it. In fact, in form, the paper filed in that action was motion and grounds for a new trial and was styled "Motion to set aside a judgment and for new trial." In that case we said:

"It is evident that the motions were made under section 342 of the Code, which relates to applications for a new trial made at the term at which the judgment is rendered, and that the circuit court properly held the proceedings did not satisfy section 518 and the other Code provisions relating to applications for a new trial made after the expiration of the term."

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.