C. Hobart MILLS et al., Appellants,

v.

Henry BROUGHTON et al., Appellees.

C. Hobart MILLS, Appellant,

v.

Henry BROUGHTON, Appellee.

Court of Appeals of Kentucky.

Nov. 19, 1965.

W. L. Rose, W. M. Cox, Jr., Williamsburg, for appellants.

Charles G. Cole, Jr., Barbourville, for appellees.

MONTGOMERY, Judge.

In Mills v. Broughton, Ky., 365 S.W.2d 315, the elections of Mattie Mills and C. Hobart Mills, as jailer and magistrate, respectively, were invalidated in favor of Lester Broughton and Henry Broughton, respectively. Upon issuance of the mandate the Broughtons sought to recover damages against the Millses and their sureties under their supersedeas bond. The Honorable M. J. See, sitting as special judge, had tried the election contest and, over objection, determined the matter of damages. Lester Broughton recovered judgment for $2,993.07. Henry Broughton recovered judgment for $1,257.40. Appropriate appeals have been perfected. The appeals have been considered on the same record.

It is urged for reversal that the special judge had no authority to take further action or to try the matter of damages under the supersedeas bond, that a de facto officer is entitled to compensation for services rendered pending the election contest, and that the findings of fact and conclusions of law of the trial judge were erroneous.

The special judge was designated by the Chief Justice of this Court for the trial of this action and one other "to be tried by the judge at his discretion." Appellants rely on Helton v. Commonwealth, Ky., 256 S.W.2d 14, wherein it was held that "a judge appointed for a special term under KRS 23.260 to try designated cases, may not, of his own volition, later call another special term and retry the cases, over the objection of the interested parties."

The Helton case is inapplicable here. KRS 23.260 deals with the appointment of a special judge for a special term. KRS 23.230 governs the appointment of a special judge when a judge of a circuit court cannot preside "in an action pending in the court." Here, the regular judge had disqualified and the special judge was appointed to try this action "at his discretion." It is to be noted that the designation made no reference to the trial of this action at any specific term of court. Under the circumstances the designation is construed to mean that the special judge should try the action to its conclusion or final determination. This, of course, would include an assessment of damages under a supersedeas bond. Such conclusion is consonant with common sense and in the interest of the efficient administration of justice. A similar result was reached under earlier statutes. Dupoyster v. Clarke, 121 Ky. 694, 90 S.W. 1, 28 Ky.Law Rep. 655; Warner v. Ford Lumber & Mfg. Co., 123 Ky. 103, 93 S.W. 650, 29 Ky.Law Rep. 527, 12 L.R.A.,N.S., 667; Dial v. Commonwealth, 143 Ky. 118, 136 S.W. 139; Sublett v. Gardner, 144 Ky. 190, 137 S.W 864.

It is urged in behalf of C. Hobart Mills, the de facto magistrate, that he performed the duties of the office pending the election contest and should be allowed to retain the compensation. The amount recovered by Henry Broughton was the salary paid, less actual travel expense.

The rule is that a de jure officer is entitled to recover of a de facto officer the compensation of the office, less actual customary and necessary expenses. Bernard v. Humble, 298 Ky. 74, 182 S.W.2d 24. The case of Hubbard v. Ledford, 258 Ky. 704, 81 S.W.2d 569, is on all fours with this case. See Cottongim v. Stewart, 283 Ky. 615, 142 S.W.2d 171, for collected cases. There is no merit in appellant's contention.

Finally, Mattie Mills complains that the amount found to be due appellee Lester Broughton, as jailer, was erroneously determined. The amount paid Mattie

Mills was stipulated. Depositions were taken to establish the amount of expense she had paid in operating the jail. The evidence was in conflict and the testimony offered in behalf of appellee Lester Broughton was sufficient to sustain the findings of the trial judge on the factual issues. The reference in the findings to the ration allowance to West Point cadets and the information from other jailers is treated as surplusage in view of the substantiating evidence.

*Judgment affirmed.*

HILL, J., not sitting.