CASE 98—PETITION ORDINARY—JUNE 15.

# Roberts v. Cain.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. POWERS OF SPECIAL JUDGE.—Under sec. 908 of the Kentucky Stat-
utes, which provides that in every county having a population
of 75,000 or more and constituting of itself a separate judicial dis-
trict, the judges of the circuit and county courts shall appoint
an official indexer of the public records, a special judge or one of
the divisions of the Jefferson Circuit Court has no right to par-
ticipate with the judges of the other divisions in the election of
an indexer, as the statute authorizing the election of a special
judge was not intended to confer upon the attorney thus elected
any power except such as is necessary to hold court for the oc-
casion.

2. THE ACT CREATING THE OFFICE OF INDEXER and authorizing the
judges to appoint is not unconstitutional, but is expressly author-
ized by sec. 107 of the constitution."

WM. H. YOST, D. W. SANDERS AND W. B. THOMAS FOR APPEL-
LANT.

1. When the appellant was appointed, if the meeting held for the
purpose was legal, the function of the enabling act was executed
and the power was exhausted. (Griffith v. Frazier, 8 Cranch, 1;
Thomas v. Burnes, 23 Miss., 550; Hoke v. Fields, 10 Bush, 144;
Mechem on Public Officers, secs. 113-120.)

2. A special judge of the circuit court has all the powers of the regu-
lar judge. (Ky. Stats., secs. 968, 1029.)

   The words "judge" and "court" are used throughout the stat-
utes as synonyms. (Boon v. Bowers, 30 Miss., 257; Ky. Stats.,
secs. 2241, 1597, 392, 409, 1037, 2947, 926, 962, 4637, 4539, 5559, 2203;
Civil Code, secs., 218, 298, 732, sub-sec. 12.)

3. John L. Dodd was on the 3d day of January the judge *de jure* of the
chancery division of the Jefferson Circuit Court. (Work on
Courts, p. 382.)

   But if not, still his acts as a *de facto* judge merely can not now
be questioned in so far as they affect third parties or the public.
(Turney v. Dibrell, 3 Baxter, 235; State v. Allings, 12 Ohio, 20;
Dugan v. Farrier, 18 Brown, 383; Norfleet v. Staton, 73 N. C., 548.)

4. The indexer is an officer of the Jefferson Circuit Court, and the act
providing for his appointment by the court is constitutional.

(Ky. Stats., sec. 909; Seebold *ex parte*, 100 U. S., 397; Mechem on Public Officers, sec. 106.)

If, however, the court below was right in holding that the index-er is not an officer of the Jefferson Circuit Court, and that the act in appointing him was non-judicial, there can be nothing clearer than that the act is unconstitutional. (Hayburn's Case, 2 Dallas, 409; United States v. Ferreir, 13 How., 49; McLean County v. Deposit Bank, 81 Ky., 262; Commonwealth v. Addams, Clerk, 95 Ky., 588; Smith v. Strother, 68 Cal., 194.)

HUMPHREY & DAVIE, CARROLL & HAGAN ,O'NEAL & PRYOR FOR APPELLEE.

1. The constitution makes a clear distinction between the "judges of the Circuit Court" who are limited in number, elected by the people, commissioned by the governor, have a fixed salary, and hold for five years; and "special judges," who are unlimited in number, not elected by the people, not commissioned, and are changed day by day. (Constitution, secs. 136, 125, 137, 135.)

2. The powers of a "judge of the circuit court" are many and varied; while the power of a "special judge" is strictly limited to "holding court for the occasion." (Constitution, sec. 136; Kentucky Statutes, sec. 1029.)

3. In providing that, on the failure of the circuit court judge to attend the court room on any day, a special judge shall be chosen by the bar "to hold court for the occasion," the additional words in the statute (sec. 1029): "Said special judge shall have the powers of a circuit judge," do not deprive the regular circuit court judge of his office, or ministerial powers, but only mean that the special judge shall have such judicial powers as may be necessary to enable him to "hold court for the occasion." These words do not confer ministerial powers, which are not necessary for doing the only thing the special judge is empowered to do—to "hold court for the occasion;" and such general words will be limited to the special purpose in view. (Barbour v. City of Louisville, 83 Ky., 100.)

4. The statute could not confer such power on the "special judge;" for the constitution only authorizes a special judge to be given power to hold court." (Constitution, sec. 136.)

5. The selection of a special judge to try a particular case or to try all cases during the day or term of the circuit court judge's failure to attend the court room, does not remove the circuit judge from his office, or suspend for a moment his circuit judge powers as a peace officer or his judicial power of trying or deciding equity and other cases, or his right to exercise

Roberts v. Cain.

the ministerial duties imposed upon him. He may, very properly, be exercising his ministerial powers, and performing his ministerial duties, at the very time the special judge is "holding court for the occasion" in some case in which the circuit court judge can not sit. (Wallace v. Helena R'y, 10 Mont. 24, (24 Pac., 626; 25 Pac., 278).

6. The statute conferred the power to appoint and remove the public indexer, not upon the numerous and ephemeral "special judges," changing from day to day; but upon the four regular "judges of the circuit court" and the county court judge. (Kentucky Statutes, sec. 908.)

7. The power to appoint a public indexer was not a judicial power, nor a part of the powers of any of the numerous special judges who might be, on different days, "holding court for the occasion;" but was a ministerial power, to be properly exercised not in court, nor while holding court, but outside of court. (Hoke v. Field, 10 Bush, 145; Taylor v. Commonwealth, 3 J. J. Mar., 401; Am. & Eng. Ency. of Law, vol. 19, p. 418.)

8. Nor is the appointing of a public indexer, strictly speaking, an exercise of the "powers of a circuit judge;" for the circuit judges of the State generally do not have such power; nor did it become among the recognized powers of a circuit judge (i. e., of all circuit judges) merely because the four circuit judges in Louisville were required to perform this outside ministerial duty. (Wallace v. Helena R., 10 Mont. 24 (24 Pac., 626; 25 Pac., 278); Lewis v. Curry, 78 Mo., 53; People v. Bush, 40 Cal., 334; State v. Brown, 35 Kansas, 169; Heiler v. Sullivan, 64 Cal., 378; State v. Noble, 10 Am. St. Reports, 143 (118 Ind., 350).

9. It was not unconstitutional for the legislature to vest the power and duty of appointing an indexer in the judges of the circuit court and county court; for other than judicial duties are often imposed on judges, and most of the courts are required to appoint officers, such as clerks, marshals, tipstaffs, commissioners, examiners, etc. (Constitution, sec. 107; State v. Higgins, 28 Southwestern, 638 (124 Mo.,) Hoke v. Field, 10 Bush, 144; Taylor v. Commonwealth, 3 J. J. Mar., 401; State v. Brown, 35 Kansas, 169; People v Bush, 40 Cal., 344; State v. Laughton, 19 Nev., 205; Lathrock v. Britton, 30 Cal., 680; People v. Edwards, 9 Cal., 286; Pennington v. Woolfolk, 79 Ky., 13; Speed & Worthington v. Crawford, 3 Met., 207; People v. Provines, 34 Cal., 520; Story's Com. on Constitution, sec. 517; Ency. of Law, vol. 12, p. 15.)

10. This power to appoint is a personal trust, and a judge of the circuit court could not delegate it to a special judge. (State v. Noble, 10 Am. St. Rep., 154; Van Slyck v. Trempeleau, 20 Am. Rep., 50, (39 Wis., 390.)

Roberts v. Cain.

11. The power granted to the four circuit judges and the county
    judge, required, for its valid exercise, the concurrence of three of
    them. (Ky. Stat., sec. 448; Ky. Code, sec. 679; Hewitt v. Craig,
    86 Ky., 27; State v. Porter, 113 Ind., 80; Dillon on Municipal Cor-
    porations, 4 Ed., sec. 283, 279; Coles v. Trustees, 10 Wend., 661.)
12. Not only was the vote of Special Judge Dodd for Roberts void,
    but that of County Judge Hoke was also void, and Roberts only
    received one legal vote. The office of indexer was not to come
    into existence until February, and County Judge Hoke's official
    life was to end, and that of his successor, Judge Richie, was to
    begin, on January 7th. The pretended election of Roberts was
    on January 3d. The outgoing county judge had no power to fill
    an office which would not come into existence, and therefore could
    not have a vacancy in it, until after his own official life had
    ceased. (State v. Meehan, 45 N. J. Law, 191; Ency. of Law, vol.
    19, p. 427.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

On the thirteenth day of March, 1895, the appellant in-
stituted this action in the Jefferson Circuit Court, Common
Pleas Division, against the appellee, alleging in substance
that on the third day of January, 1895, the judges of
the Jefferson Circuit Court, and the judge of the Jefferson
County Court, pursuant to notice duly given, met in the court
house in Louisville, Kentucky, for the purpose of appoint-
ing an official indexer of the public records of Jefferson
county, whose term of office began on the first Monday of
February following his appointment, and continuing for the
term of three years. That the said judges of Jefferson Cir-
cuit Court and the judge of the Jefferson County Court did
meet and were duly organized by the election of one of the
judges of the Jefferson Circuit Court as chairman of the
board and by the election of Thomas Lawson, secretary.
That the said board was composed of the following judges,
to-wit: Judge Wm. L. Jackson, of the criminal division,
Sterling B. Toney, judge of the law and equity division,
Emmett Field, judge of the common pleas division, John

L. Dodd, judge of the chancery division and Wm. B. Hoke, judge of the Jefferson County Court.

That the said John L. Dodd has been an attorney of the Jefferson circuit for more than nineteen years past and pos- sessed of the qualifications of a circuit judge; that on the second day of January, 1895, he was duly elected and quali- fied and took the constitutional oath as such judge of the chancery division of the Jefferson Circuit Court, in accord- ance with the provision of sec, 968, sub-div. 2 of art. 2, chap. 35, Kentucky Statutes, because of the fact that Judge I. W. Edwards, the regularly elected judge of said court, was absent and unable to perform the duties required of him, as judge of said court, and that said John L. Dodd was the sole acting judge of said chancery division during the month of January, 1895, and further alleges his qualifications for and appointment to the office of indexer, and that he exe- cuted bond and took the oath required by law.

The petition further alleges that after said appointment and qualification, Wm. L. Jackson and Emmett Field, judges of the criminal and common pleas divisions respect- ively of the Jefferson Circuit Court, and Charles G. Richie, judge of the Jefferson County Court, convened in the court house in Louisville, Kentucky, on the eleventh day of Jan- uary, 1895, for the purpose of attempting to appoint an offi- cial indexer of the public records aforesaid and did appoint Paul Cain, of the city of Louisville, to the said office of in- dexer. The petition further alleges that said appointment is illegal and without authority of law, and that he, appel- lant, is entitled to said office and that said Paul Cain has desk room furnished him by the clerk of the Jefferson Cir- cuit Court in his office, and is attempting to intrude into, usurp and exercise the functions of said office in violation of plaintiff's right, and plaintiff prayed that he be adjudged

entitled to the said office and that the defendant be adjudged not entitled thereto.

The defendant, in his answer, in substance, denied the validity of the appellant's election and appointment; denied that there was any such meeting or organization of the judges as alleged by plaintiff, and denied that the said John L. Dodd was the sole judge of the chancery division of the Jefferson Circuit Court during the month of January, and denied that he had any right to participate in the appointment of the said office of indexer, and says that I. W. Edwards was not present at the meeting mentioned by plaintiff; that Wm. L. Jackson and Emmett Field did not participate in said pretended election of January 3, 1895, and refused to be parties thereto.

The defendant further alleged that the said Judges Field and Jackson and Charles G. Richie, judge of the Jefferson County Court, pursuant to notice duly given, met in the court house on the eleventh day of January, 1895, for the purpose of appointing an official indexer, and did then and there appoint defendant to said office and that he is duly entitled to same.

By agreement Hon. James S. Pirtle was selected as special judge to try this cause, and the law and facts submitted to the court without the intervention of a jury, and upon final hearing the court adjudged that the appellant was not entitled to the said office of indexer and that the appellee, Paul Cain, was, on the eleventh day of January, 1895, duly, legally and lawfully appointed to the office of official indexer of public records of Jefferson county, and that he is entitled to the emoluments, honors and profits thereof, and is entitled to be placed in possession thereof, and from that judgment this appeal is prosecuted.

The principal question involved is whether or not the

Hon. John L. Dodd was authorized to participate in the appointment of the officer in question.

Section 908 of the Kentucky Statutes provides that in every county having a population of 75,000 or more and constituting of itself a separate judicial district the judges of the circuit court and county court shall, in the month of January, 1895, and in the same month every three years thereafter, appoint an official indexer of the public records, etc.

The appointing power is, by the statute, vested in the four judges of the Jefferson Circuit Court and the judge of the Jefferson County Court, but it is insisted by the appellant that the Hon. John L. Dodd having been elected special judge of the chancery division became invested with all the powers of the regular judge, I. W. Edwards.

Section 136 of the constitution provides that the General Assembly shall provide by law for holding circuit courts when from any cause the judge shall fail to attend, or if in attendance, can not properly preside.

Section 1029 of the Kentucky Statutes, by virtue of which said Dodd was elected as special judge, reads as follows: "When for any cause the judge presiding over any branch of said court fails to attend, the judge presiding over any other branch may attend, and hold said court for the occasion; if no judge presiding over any branch of such court attends, the attorneys of said court in attendance thereon shall elect one of their number, having the qualifications of a circuit judge, to hold the court for the occasion. Such special judge shall have the powers of a circuit judge."

It seems clear to us that the special judge has no power, except those given him by the statutes, and there is nothing in the statute conferring any power except such as is necessary to hold court for the occasion. The language used

"shall have the power of a circuit judge" simply means that he shall have the same power of a circuit judge so far as may be necessary to the discharge of the duties devolving upon him by reason of his election for that occasion or purpose, which includes such powers as may be necessary to the discharge of the duties. It is worthy of note, too, that there is no provision in the constitution for filling temporarily the office of circuit judge where the judge is absent or unable to attend to the duties of the office, but the sole provision made is to provide for holding court in the absence of the judge or his disqualification.

We are, therefore, of the opinion that the Hon. John L. Dodd was not authorized to participate in the appointment of the officer in question, hence the attempted appointment of appellant was null and void, he having received but two legal votes.

The rule as to the validity of the acts of a *de facto* officer has no application to the case at bar.

It is not pretended that the Hon. John L. Dodd had become a circuit judge in the room of Hon. I. W. Edwards. There was no vacancy in the office of circuit judge in Jefferson county, hence all the power or authority that Judge Dodd claimed or sought to exercise was derived from his election as special judge to hold court for the occasion arising out of the absence of the judge.

The suggestion that the act creating the office in question and authorizing the judges to appoint is unconstitutional is not tenable. Section 107 of the constitution reads as follows: "The General Assembly may provide for the election or appointment for a term not exceeding four years of such other county or district ministerial and executive officers as may, from time to time, be necessary."

The above section is conclusive as to the constitutionality of the act in question.

The judgment of the court below is affirmed.