## Kentucky Union Company, et al. v. Bailey, Special Judge.

### (Decided March 9, 1917.)

1. **Judges—Special Judges—Termination of Authority.**—Under the act of 1910, relating to special judges, when a circuit judge is

designated and notified by the Governor to try a case or cases, which are pending in a court not in his district, as a special judge, his authority to preside as the judge of the court in such case or cases terminates with the end of the regular term of the court, in which the case or cases are pending, during which he is appointed or succeeding his appointment, unless he calls a special term for the trial of such case or cases, which he may do, and in such event, he is authorized to preside at the special term.

2. Judges—Special Judges—Power to Act in Vacation.—Where a special judge tries a case, on account of the absence of the regular judge or the disqualification of the regular judge to preside in the case, he may thereafter in vacation perform such acts for the completion of the records or enforcement of his judgment in the case as a regular judge may do in vacation, or if he, at the term at which the trial is had, grants time for the filing of a bill of exceptions, he may call a special term for that purpose, or may at the next term of the court file and approve the bill of execptions, if the time granted by him is to a day in the next term. His power to do these things will continue until the return of the regular judge, if such judge has not presided because of his absence, and if the special judge has presided because the regular judge was disqualified to preside, the powers of the special judge to perform the acts mentioned will continue until the next term of the court or until a day in the next term for the filing and approval of a bill of exceptions, if time has been granted until a day in such term for such purpose.

3. Judges—Special Judges—Revocation of Appointment.—When a special judge has been designated and notified to try a case or cases, and has appeared in the designated court and qualified as such special judge, as by law provided, the Governor can not revoke his appointment nor supersede him by the designation of another special judge to try the same case or cases, in whole or in part, during the term for which he was designated and notified.

SAMUEL M. WILSON and W. B. DIXON for petitioners.

E. C. O'REAR, B. G. WILLIAMS and M. H. HOLLIDAY for respondent.

OPINION OF THE COURT BY JUDGE HURT—Dismissing petition for writ of prohibition.

This action was instituted in this court against Judge J. F. Bailey, the regular judge of the twenty-fourth judicial district, for a writ of prohibition, to prohibit him, as a special judge of the Breathitt circuit court, from exercising jurisdiction over or hearing and determining an action now pending in the above named

circuit court, under the style of U. B. Buskirk, et al. v. Jack Strong, et al. The petitioners are the Kentucky Union Company and others, who are the plaintiffs in the suit of U. B. Buskirk, et al. v. Jack Strong, et al. The facts upon which the controversy depends, as gathered from the pleadings, exhibits and numerous affidavits on file, are as follows:

The respondent, Judge J. F. Bailey, is the regular judge of the twenty-fourth judicial district and holds a commission as such, and, also, a commission as a special judge, by virtue of his office, of all the circuit courts in the Commonwealth, except those whose districts embrace a city of the first or second class, and wherein there is a court of continuous session, which was duly issued to him by the Governor, as provided by subsection 4, of section 971, Kentucky Statutes. Breathitt county is in the twenty-third judicial district, and one of the terms of the circuit court established for it begins on the first Monday of January and continues for thirty-six juridical days. At the January term, 1916, of that court, there were between forty and fifty common law and equity causes pending upon its docket, which Judge James P. Adams, its regular judge, was disqualified from presiding in or trying, because of the fact that he had been engaged as counsel in these cases previous to his election to the office of judge of the twenty-third judicial district. One of the causes was that of U. B. Buskirk, et al. v. Jack Strong, et al. During the January term, 1916, of that court, an order was entered upon the order book of the court reciting the fact that the regular judge of the court was disqualified from presiding in or trying the causes mentioned, because of his having been engaged as counsel in the causes previous to his election. The various cases in which the regular judge was disqualified from acting were enumerated in the order, under their proper styles, and the clerk of the court directed to notify the Governor, in order that a special judge might be designated and notified to attend and preside in the causes. One of the causes enumerated in the order was that of U. B. Buskirk, et al. v. Jack Strong, et al. The clerk notified the Governor by sending to him a certified copy of the order. Upon receipt of the notification, the Governor at once notified the respondent to attend and sit as special judge of the Breathitt circuit court in the causes then pending in the

court, wherein the regular judge was disqualified by reason of being counsel of one or the other parties to the suits. The respondent at once, in obedience to the notification, attended the Breathitt circuit court, which was then in regular session, and on the 23rd day of its January term, 1916, produced his commission as a special judge, which was spread upon the order book, and took the oaths required by law in such cases and proceeded to his duties as a special judge of the court in the various cases in which the disqualification of the regular judge to preside had been certified to the Governor. It is made to appear from the records of the court, that the commission of the respondent was spread upon the records, and that he took the oaths required by law, as well as the fact of the disqualification of the regular judge to preside in the cases, in which he had theretofore been retained as counsel, and in which respondent was notified to act as special judge. Some of the cases were tried by the respondent as special judge, and in others motions were entered and orders made, and among those in which orders were made was U. B. Buskirk, et al. v. Jack Strong, et al., wherein an order appears upon the record to the effect that the master commissioner filed a report, which was ordered to lie over for exceptions. The orders made in the cases by the respondent as special judge, were signed by him as such, but with the termination of that term of the court, he ceased to perform any duties as special judge of the court or to have any further connection with it, so far as the record indicates. Thereafter, at the regular April and July terms of the court, the respondent does not seem to have appeared as a special judge at either of these terms, nor at the regular October term for that year. At the regular October term, 1916, another order was entered upon the records, which set out under their respective styles, about fifty criminal, common law and equity cases, and recited that the regular judge of the court was disqualified to preside in or try either of the cases, because of having been engaged as counsel in them previous to his election to the judgeship, and directing the clerk to give notice of the same to the Governor. The clerk did so, by sending to the Governor a certified copy of the order. Thereupon, the Governor, on the 4th day of November, notified Judge R. L. Stout, who is the regular judge of the fourteenth judicial district, and by virtue of his office, a special judge of all the circuit

courts of the Commonwealth, except those of continuous sessions, to attend and preside as special judge, in these cases, in the Breathitt circuit court. In obedience to the notification, Judge Stout, on the 10th day of November, 1916, which was the 35th day of the October term of that court, appeared and proceeded to the performance of his duties as a special judge of it. Two of the cases in which the regular judge was disqualified to sit were, by orders of the court, Judge Stout presiding, ordered to be submitted for trial and judgment. In the case of U. B. Buskirk, et al. v. Jack Strong, et al., several motions were made and orders entered of record, and among others a motion was made to order it to be submitted for trial and judgment. The order upon record shows that the motion was made and the court not being advised, took the motion under consideration. These orders were signed by Judge Stout as special judge. The commission of Judge Stout as special judge was not spread upon the records nor do the orders show that he took the oaths required by law before proceeding to his duties. No further disposition was made of the case of U. B. Buskirk, et al. v. Jack Strong, et al., at the regular October term of the court, which term terminated and the order of adjournment was made and signed. On the first day of January, 1917, the Governor notified the respondent to appear in the Breathitt circuit court to act as a special judge in the cases in which the regular judge was disqualified, and in addition thereto issued him a special commission as a special judge, which purported to authorize him to preside in and try all the cases, which were embraced in the list of cases, which Judge Stout had been notified to preside in as special judge and to hear and determine, on November 4th, 1916. The list of cases was appended to the special commission and among them was that of U. B. Buskirk, et al. v. Jack Strong, et al. In obedience to this notification and commission, the respondent appeared in the Breathitt circuit court on the 10th day of January, 1917, which was the 9th day of the regular January term of that court, when he caused his commission as a special judge, which had been issued to him on January 1st, 1917, together with the list of cases therein designated, to be spread upon the records of the court and took the oaths required by law in such cases, all of which was made to appear of record. The record was further made to show the disqualification of the

regular judge in the enumerated cases, and the reason therefor, and that respondent had been notified to act as special judge of the court and to preside in the cases enumerated. The respondent proceeded to his duties as such special judge, and on the 15th and 16th days of January, being the 13th and 14th days of the term, proceedings were had in the case of U. B. Buskirk, et al. v. Jack Strong, et al., in which the defendants moved the court, the respondent presiding, to order the case submitted for trial and judgment. The plaintiff objected to the submission and assigned as a reason for so doing, that the respondent was not legally entitled to preside in such case, and that he, as special judge, did not have jurisdiction to make any orders or to try the case, for the reason that Judge Stout, alone, had jurisdiction of it as a special judge of the court. The objections of the plaintiffs were overruled and the cause ordered to be submitted for trial upon its merits. On the 17th day of January, the plaintiffs moved the court, the respondent presiding, to set aside the order of submission upon the ground, that respondent was not authorized to act as a special judge in the case, and after the hearing of testimony, which related to the various steps taken in the case by Judge Stout and by respondent, the motion was overruled.

On the following day, the 19th day of January, the plaintiffs instituted this action in this court, and on the 20th day of January, obtained an order restraining the respondent from entering any order or judgment in the case, until a judgment in this proceeding for a writ of prohibition can be rendered in this court.

Between the 8th and 12th of January, 1917, Judge Stout sent a letter to the clerk of the Breathitt circuit court, by which he informed the clerk that he would probably be in that court on Monday, the 29th day of January, and would preside in the four actions, in which orders had been entered while he was acting as special judge of that court, on November 10th, 1916; and on January 10th he sent his general commission as special judge to the clerk, with directions to enter it upon the order book, as if done on November 10th, 1916. The clerk, however, returned it, with the statement that the proceedings had at the November term had been closed and signed and there was no vacancy in which it could be recorded among the orders of that term, but the clerk was proceeding to record it upon the order book, when

Judge Adams said to him that he could not then enter a *nunc pro tunc* order, but to return it to Judge Stout, who could enter such orders as he desired when he came to the court, and the clerk returned the commission to Judge Stout.

On January 29th, 1917, Judge Stout appeared in the Breathitt circuit court, and caused a *nunc pro tunc* order to be entered, which recited, that he had been designated by the Governor as a special judge to preside in the Breathitt circuit court and to try causes then pending, wherein the regular judge of the court could not properly preside, among which was U. B. Buskirk, et al. v. Jack Strong, et al., and three others in which orders had been entered when he was presiding in that court on November 10th, 1916; that having been designated as such special judge on November 4th, 1916, he appeared in the court on November 10th, 1916, and then and there took the oaths required by law of special judges; that he did not have his commission as special judge present at the November term, but informed the clerk that he would later send it to him to be recorded; that his commission should be recorded as for the 10th day of November, 1916, now for then, and to have the same force and effect, as if then recorded, and further, that the record disclose that he was then duly sworn, but that the clerk had omitted it from the orders on November 10th by inadvertence. His regular commission as a special judge was then spread upon the record. He, also, produced and caused to be recorded a special commission, which purported to designate and authorize him as a special judge of the Breathitt circuit court to try the cases of U. B. Buskirk, et al. v. Jack Strong, et al., and three others in which he had caused orders to be entered on the 10th day of November, 1916. The necessary oaths were made by Judge Stout upon his commission and were recorded with it. This commission was issued by the Governor on the 24th day of January, 1917, and after the institution of this action. An order was then made, Judge Stout presiding, which recited that the respondent had claimed to have jurisdiction in the cases in which Judge Stout had made orders on the 10th day of November, 1916, and that on account of this proceeding for a writ of prohibition, any further action in the cases was postponed for the result of this proceeding. It appears, that the Governor gave the special commission to Judge Stout on the 24th day

of January, 1917, designating him to try the four cases in which he had caused orders to be entered while acting as special judge at the November term, 1916, upon the belief, that the court having exercised jurisdiction upon these cases while Judge Stout was presiding at the November term, the executive was without authority to designate another special judge to hear and try them at a subsequent term. Not having been informed of the action taken in the cases by Judge Stout, he acted from the belief that the notification and designation of Judge Bailey to try the cases at the January term, 1917, was not authorized, and the commission of January 24th, is attributed to an effort on the part of the Governor to relieve the matter from uncertainty and to prevent confusion. It should be, further, said that the record does not disclose, that either Judge Stout or Judge Bailey is actuated by any motive, other than a purpose to perform their duties as two of the members of the judiciary of the state, whose duty it is to try and decide all the controversies which arise in the courts.

The first question, which arises upon this record, is: When a circuit judge has been designated and notified by the Governor to attend a court out of his district, as a special judge, either to hold a term of court in the absence of the regular judge, or when he is designated to try cases in a court out of his district, in which the regular judge can not properly preside, what is the extent of the term, in which he is authorized by law to perform the functions of a judge, in each instance?

From time to time decisions of this court have been rendered relating to the times, manner and the occasions upon which special judges of the circuit courts might be selected, and the times wherein they are authorized by law to preside over the courts and hear and determine causes pending in the courts. These decisions, however, have been based upon the provisions of the statutes then in force, which related to the subject and which controlled the decisions. The general statutes contained a provision, which was embraced in section 1, article 7, of chapter 28, to the effect, that when from any cause a judge of the circuit court failed to attend, or could not properly preside in an action, special proceeding or prosecution pending in the court, of which he was judge, the parties to the action, proceeding, or prosecution might agree upon one of the attorneys of the court to preside and hold the court for the

occasion, and upon their failure to agree upon an attorney.to act as judge, then the attorneys of the court, who were present and not interested nor employed in the case, should elect an attorney then present and having the qualifications of a circuit judge to hold the court for the occasion, and during the period in which he acted, he should be vested with all the authorities and powers and have all the responsibilities of a circuit judge. On April 17th, 1882, an amendment was made to the above statute, which provided, that where an attorney was elected by the members of the bar to preside in a case, he was authorized to preside and hold the court in all of the cases during that term of the court in which the regular judge was disqualified to act. Under the above statutes, it was held in Childers v. Little, 96 Ky. 377, that a special judge elected to preside in all cases at a term of the court, his authority to act as a special judge of the court expired with the term at which he was elected, and he could not preside at any subsequent term, nor perform any of the duties of a judge after the expiration of the term. This case was followed and approved in Small v. Reeves, 104 Ky. 289.

Afterward the decisions in the cases of Dupoyster v. Clark, 121 Ky. 694, and Warner v. Ford Lumber & Mfg. Co., 123 Ky. 114, were rendered. In the first of the two cases mentioned, it was held:

"Under these statutory provisions, the special judge has no authority in any other case, except that in which he is appointed, and his power is not limited to the term at which he is appointed or to one term, but he is given all the powers of the regular judge. He may, if it is necessary, hold a special term to try the case. The power to try the case carries with it the power to dispose of it finally. The regular circuit judge can not sit in the case. The special judge sits in his stead, and has all the powers of the regular judge in that case."

In the second case mentioned, the court said:

"The regular judge being disqualified to act, under the specific authority conferred by his appointment, the special judge had the right to preside at a subsequent term and so long as the disability of the regular judge continued."

These opinions were, however, rendered when the following statute was in force and governed the selection and duration of authority of special judges. It was section 971 of Ky. Statutes, 1903, and was as follows:

"In the absence of the regular judge or when he can not preside, if the parties can not agree upon an attorney to act as judge, who is present, the clerk shall at once notify the Governor, who shall appoint as circuit judge an attorney having the qualifications of a circuit judge to hold the court, or to try the case, and the judge so appointed shall have all the powers of the regular judge, and receive the same compensation as a special judge and ten cents per mile in going to and returning from the court, and he may, if necessary, hold a special term to try any case, after such notice or order as required when a special term is held."

This statute has been repealed by the present section 971 and its subsections of Ky. Statutes, 1915, which became a law in 1910, and was amended in 1912. Under the statute which was in force when Dupoyster v. Clark, *supra,* and Warner v. Ford Lumber & Mfg. Co., *supra,* were considered, it will be observed that the special judges, which were considered in those opinions, were attorneys, who had received appointments from the Governor to try a particular case in which the regular judge was disqualified from acting; they had no other official duties, except as special judges in the particular cases, which they were, respectively, appointed to try. Under the circumstances, the construction given, was a reasonable interpretation of the statute then in force, as applied to an attorney made a special judge to try a particular case, and such construction may be said to be reasonably consistent with the intendment of the legislature. When the statute then in force was repealed, the statutes now embraced in section 971, Ky. Statutes, and its subsections, became the law governing the appointment and authority of special judges in circuit courts, not of continuous sessions. Section 971 and subsections 2, 3, and 4, are as follows:

"Section 971. That the regular circuit judges of the Commonwealth of Kentucky, except those whose districts embrace a city of either the first or second class, and wherein a court of continuous session is held, be and they are hereby authorized to act as special judges of the circuit courts of this Commonwealth.

"Subsection 2. In the absence of the regular judge of any circuit court in this Commonwealth, except the courts of continuous session as mentioned in the first section hereof, or when he can not preside in any par-

ticular case or cases, if the parties can not agree upon an attorney who is present to act as judge, and who shall receive no compensation for his services, the clerk shall at once notify the Governor, who, in turn, shall immediately notify one of the circuit judges mentioned above who is not then engaged in holding a regular or special term of court in his district, and it shall be the duty of said circuit judge so notified by the Governor to hold the court, or try the case, and the judge so notified by the Governor shall have all the powers of a regular judge of said court.

"Subsection 3. It shall be the duty of the clerk of each circuit court held by a judge whose district does not embrace a city of the first class or second class, wherein a court of continuous session is held, to notify the Governor in writing immediately upon the final adjournment of each regular or special term of his court, and also of the time when the next regular or special term to be held by said circuit judge shall begin, and it shall be the duty of the Governor to keep a roster of said circuit judges showing when each of them is not engaged in holding a regular or special term of court in his district, and the Governor in so notifying the circuit judges of their selection to hold any such court or to try any case, shall do so in such manner as to divide such special judge work as equally as practicable between all of the regular judges aforesaid.

"Subsection 4. It shall be the duty of the Governor, immediately upon this act taking effect, to issue a commission to each of said circuit judges, commissioning them as special judges of this Commonwealth so long as they shall be regular judges thereof, and when any of said judges shall preside out of his district in holding a court or in trying a case, as provided in this act, he shall have his said commission recorded upon the order book of said court. Before entering upon the discharge of his duties, every special judge must, in addition to the oath prescribed by the constitution, take an oath as follows: . . . ."

It is apparent that the legislative authority intended by the enactment of this statute, and the repeal of all laws inconsistent with its provisions, to make a very radical change, in the matter of special judges, from the former legislation upon the subject. The regular circuit judges of this state are to be called upon to do the work of special judges, instead of attorneys appointed

by the Governor, as theretofore. If an attorney is agreed upon by the parties as a special judge, he must perform the duties without compensation. To enable the circuit judges to do the work of special judges in districts other than their own, they are each paid a salary of twelve hundred dollars per year, in addition to the salaries received by them theretofore. The Governor must issue to each of them a commission as a special judge, which must be recorded upon the order book of each court wherein he acts as a special judge. The record must show the reason for his acting as a special judge, and the reason for the disqualification of the regular judge. They can not be required to act as special judges when engaged in holding regular or special terms of the courts in their own districts. The Governor must keep a roster of the circuit judges, showing when each of them is not holding a regular or special term of court in his own district, and shall divide the work of the special judges as equally as practical between the judges in the state. In the light of the provisions of the statute and the changes effected by it, it becomes necessary to give such a construction to its provisions as may be deemed to be consistent with the intention of the legislature in enacting the statute.

The contention, that when a special judge attends a court, either to hold the court or to try a case or cases, there pending, and makes orders in certain cases and in others no steps are taken, he thereby acquires jurisdiction in the cases in which steps are taken, and is thereafter authorized to preside and try such cases at subsequent terms of the court, to their final disposition, is not tenable, under the statute of 1910. When a special judge is selected and notified to try a single case, and, in obedience to the notification, attends the court and makes some necessary preliminary orders in the case, if thereby, he is vested with authority, which attaches to him, to thereafter preside in the case, after the term has ended, would not the same reasoning entitle him, when he has held a term of the court, in the absence of the regular judge and made orders in many cases, to follow all of such cases through subsequent terms of the court and thus substantially divest the regular judge of the right to perform the duties of his office in a very large part? After all, it is the court which has jurisdiction, and the holding of a term of the court

or trying a single case or cases is only exercising the jurisdiction of the court, in the one instance, to the full extent of its jurisdiction, and in the other, a limited extent of its jurisdiction. When a special judge holds a special term of court, he exercises all the jurisdiction of the court, which could be exercised by the regular judge, and when he tries a single case or cases, he likewise holds the court to the extent of its jurisdiction, in the particular case or cases. So, under the present statute, there is no difference in the power conferred by the expressions "to hold the court" or "try the case," except the difference between the exercise of the jurisdiction of the court upon all the matters pending in it, and upon one or a few of the subjects of litigation. In the one case or in the other, when the special judge ceases to be the judge of the court, his authority to exercise its jurisdiction must necessarily cease. If the court makes an order in a case, when a special judge is presiding, and such action has the effect of attaching the jurisdiction of the court to such special judge through all subsequent terms, in that case, to its final disposition, it would have the effect of multiplying the evils, which the statute was in part enacted to prevent. A court with fifty or more cases upon its docket, in which the regular judge can not preside, as the Breathitt circuit court has, would probably, in a short time, have cases pending before a dozen or more different special judges, in various parts of the state, who, because of the necessity of holding the courts in their own districts, could not be present at the terms of the Breathitt circuit court, except at rare intervals and occasions, the time of which would be uncertain, and such a situation would result in a substantial denial of justice to the litigants, and several situations of a similar kind would so tie up and hamper the activities of the circuit judges, that it would substantially prevent them from doing the necessary special judge work throughout the state. The circuit judges can not be required and are not authorized to act as special judges when they are engaged in holding regular or special terms of court in their own districts. In Dial v. Commonwealth, 143 Ky. 124, it was held that the "statute contemplated a separate notification or appointment by the Governor for each extra service by the special judge in holding a court or trying a case." The court, in the opinion, further said:

"It will hardly be contended that an appointment of a special judge by the Governor to hold a term of court would authorize the special judge to hold a subsequent term for the purpose of retrying cases in which a new trial is to be had, or in which there had been a mistrial at his former term. And, if a reappointment be necessary to authorize a special judge to hold a subsequent term of court for the trial, or retrial, of many cases, it must follow that a reappointment is equally necessary for the subsequent retrial of a single case. Any other construction of the act might not only embarrass and delay the public business, but would deprive the Governor of the power of equalizing and facilitating the work in the manner contemplated by the statute."

Hence, we conclude that the selection and notification of a special judge by the Governor to hold a court or try a case or cases, only authorizes such special judge to hold the court, or to hold the court for the trial of a case or cases during the portion or all of the term of court succeeding his selection and notification. At the end of such term, the authority of the special judge ceases, if he does not call a special term for the trial of such case or cases, which he is authorized to do in the manner provided by law. When he calls a special term to try cases, which he is selected and notified to try as a special judge, he is authorized to preside in such case or cases, at such special term, though, if he is absent or can not properly preside at such special term, another special judge may be selected and notified to try the case or cases at the special term. Where a special judge holds a court or tries a case, after the end of the court or the entry of a judgment, he may make the necessary orders or perform the acts, in vacation, for the completion of his records and for the enforcement of his judgments, which a regular judge may do, and make in vacation, and the authority to do these things will continue until the next term of the court or until the return of the regular judge, or if he has given time beyond the term to file a bill of exceptions, he may call a special term and pass upon the bill and order it filed or if at the term held by him, he gave time until the next term for the preparation of the bill of exceptions, he may approve and order it filed at the next term. Dial v. Commonwealth, *supra*.

When a special judge has been selected and notified to hold a term of court or to hold a court and try a case or cases, and has complied with the notification and appeared in the court and qualified, it is beyond the power of the Governor to revoke his appointment or to supersede him by the appointment of another special judge for the same duties, in whole or in part, during the period in which he is authorized to act as such special judge. A contrary rule would injuriously affect the independence of the judiciary, and the orderly administration of justice.

Hence, the selection and notification of the respondent as special judge of the Breathitt circuit court for the trial of the cases wherein the regular judge was disqualified, at the January term, 1916, of that court, was regular and the respondent was authorized to preside in and exercise the jurisdiction of that court in all such cases, but his authority to do so expired with the term, and the making of the order at that time in U. B. Buskirk, et al. v. Jack Strong, et al., while it was an assertion of jurisdiction of the court at the instance of the respondent, it did not attach the jurisdiction of the court to him in that case, so as to authorize him to exercise its jurisdiction after the term had ended or at a subsequent term, and the assertion of the jurisdiction of the court in that case presented no obstacle to the designation and notification of Judge Stout as a special judge in that case, or the other cases, in which the regular judge was disqualified, at the October term of the court. Disregarding the contention, that Judge Stout did not qualify as special judge at the November term, and treating the case as if he had fully done so, for the reasons above stated, his authority to act as special judge in the cases in which he was appointed to act as special judge, expired with the term, as there were no trials; he did not call a special term for the trial of any of the cases, and there were no duties to be performed after the term, in the way of orders for the enforcement of his judgments or completion of his records.

It follows that the designation and notification of the respondent to perform the duties of special judge of the court, at and for the January term, 1917, in such cases as the regular judge was disqualified to preside, as well in those in which orders had been made while Judge Stout was presiding at the October term, 1916, as the

others, was regular, and invested him with authority during that term to preside in and exercise the jurisdiction of the court, with relation to such cases, after his acceptance of the appointment and qualification for the duties, as provided by law, and the designation and notification of Judge Stout to try certain of the cases, after the qualification of the respondent as special judge and during the January term for which respondent was designated, as well as the orders entered by Judge Stout at the January term, 1917, can not have any force or effect. It is insisted that the opinion of this court in Phillips' Extr. v. Phillips, 149 Ky. 233, is contrary to the views herein expressed, but there is no antagonism therein to this opinion, except in certain language, which does not affect the actual case therein decided. The question for decision in that case was as to the authority of the special judge to preside in and try the case at a special term called by him for that purpose. The decision of the court was to the effect, that the special judge was authorized by his appointment to call a special term of the court, and to try the case at such special term. Hence, the language in that opinion, to the effect that the appointment of a special judge carries with it the authority to sit in the case, which he is designated to try, beyond the term of the court for which he is appointed, in the absence of a special term called by him for its trial, except for the completion of his records, or necessary orders for the enforcement of his judgment, in the case, or the filing of a bill of exceptions, where time is granted, as stated in the opinion, and further, that unless the special judge resigns his office, he is authorized to preside in the case until a trial is had was *dicta* and not binding as authority.

In Dial v. Commonwealth, *supra*, the question for decision was the authority of a special judge to preside in a second trial of a case, which the special judge had before once tried. It was held in that case, that a special judge could not, without a new designation and appointment by the Governor, preside upon a second trial of a case at a subsequent term of the court, because of his original designation to try the case, where he had, at a former term, presided in the trial of the case. Hence, it is apparent, that in the use of the language in that opinion, which is now relied upon to sustain the contention, that a special judge may be superseded during the

term for which he was appointed by the designation of a new special judge by the Governor, for the performance of the same duties, does not relate to such a state of case and fails to support such a contention. The language of that opinion, with reference to the ending of the powers of a special judge by the designation of a new special judge by the Governor, had reference to the state of case where a special judge, at the term for which he is designated, tries a case and that he may perform such duties, if any there be, with reference to such case in vacation, as a regular judge might perform, in vacation, and continue to do so until the next term or the return of the regular judge, if the special judge was acting because of his absence, or the designation of a new special judge in the case for another trial of the case at a subsequent term, where another trial of the case is necessary to be had. It did not hold that a special judge could be superseded in his office during the term for which he was appointed, by the designation of a new special judge.

Hence, being of the opinion that the respondent, as a special judge, was duly authorized to preside in and try the cases in the Breathitt circuit court, in which the regular judge could not properly preside, including that of U. B. Buskirk, et al. v. Jack Strong, et al., at and during the January term, 1917, of that court, and at the time this proceeding was instituted he was then in the performance of his duties as such special judge, it is, therefore, adjudged that the writ of prohibition prayed for against the respondent be denied, the temporary restraining order granted herein on the 20th day of January, 1917, dissolved, and the petition dismissed.