## Duff v. Hodges' Guardian et al.

(Decided March 5, 1929.)

J. M. BICKNELL for appellant.

J. H. ASHER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

A. J. Asher and Chesney Asher Nuckols, the guardian of Willie Jean Hodges, sued A. J. Duff and others in ejectment. Duff answered, controverting the allegations of the petition, and by counterclaim asserted title to five separate tracts of land. The fifth tract was not fully described. Later Duff had this tract of land surveyed and offered to file an amended answer setting out the description. The regular judge of the Leslie circuit court was disqualified from sitting, and the case was tried before a special judge, who refused to permit the amendment to be filed, and rendered judgment against Duff for the land described therein.

On appeal to this court Duff procured a reversal of that judgment, with directions to permit the amended answer to be filed. Duff v. Hodges' Guardian, 213 Ky. 392, 281 S. W. 183. Mandate issued on April 20, 1926, and was filed in the office of the Leslie circuit court clerk on vacation rule day July 5, 1926. Subsequently, on the 2d day of the August, 1926, term of the Leslie circuit court, on motion of defendant and pursuant to a notice duly executed, the court set aside the foregoing judgment and docketed the case. On the 8th day of that term of court defendant produced and filed his amended answer, whereupon the case was continued. No reply being filed,

the case was submitted on the 7th day of November, 1926, term of the Leslie circuit court and judgment entered in favor of Duff. On the 23d of February, 1927, Asher and Nuckols executed a supersedeas bond and directed the clerk of the circuit court to make a copy of the record for the purpose of an appeal. On the 6th day of the March, 1928, term, on motion of Asher and Nuckols, the court vacated the judgment rendered on the 7th day of the November, 1926, term and granted plaintiffs a new trial, with instruction to the clerk to redocket the case for orders and pleadings. Duff objected to this motion and excepted and prayed an appeal.

As suggested above, for some reason not appearing, the regular judge of the Leslie circuit court was disqualified, and the Governor of the state designated Judge Redwine as special judge to hear and determine the case in the first instance. The appeal was taken from the judgment rendered by Judge Redwine but Judge Redwine did not return to Leslie county or again sit in the case, and no other special judge was designated for that purpose. And after the return of the case from the Court of Appeals it was heard and determined by the regular judge, who was disqualified in the first instance. The motion to vacate was based on the theory that, under the appointment and designation, Judge Redwine had exclusive authority to hear and finally determine the case; that for this reason the judgment entered by the regular judge was void, and, that being void no appeal lay; and therefore the judgment could only be attacked under section 763, Civil Code—hence the proceeding by motion. We cannot accept either proposition. The tenure of a special judge was considered in Kentucky Union Co. v. Bailey, 174 Ky. 488, 192 S. W. 708. Under the conclusions reached in that case Judge Redwine's authority ceased at the expiration of the term to which he was appointed, and he could have taken no further steps in the case without a redesignation. No doubt it was error for the regular judge to make any orders in the case after he was disqualified, and his action in so doing rendered the judgment avoidable. But he was the regular judge of a court of general jurisdiction. The court had jurisdiction of the subject-matter and of the parties. The parties could have waived the disqualification of the judge; hence it cannot be said that the orders made by him were absolutely void. Not being void, the remedy of the parties was

by appeal and not by motion; and section 763 has no application.

Wherefore judgment is reversed, cause remanded, with instructions to the lower court to set aside the order vacating the November, 1926, judgment, and for proceedings consistent with this opinion.