## HELTON v. COMMONWEALTH (two cases).

Court of Appeals of Kentucky.
March 13, 1953.

R. Campbell Van Sant, Frankfort, Van Sant & Young, Frankfort, Lay & Knuckles, Pineville, for appellant.

J. D. Buchman, Jr., Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

On these appeals we are concerned with the jurisdictional question of whether or not Honorable B. B. Snyder was empowered to retry these cases in February, 1952, under the designation and commission issued by this Court on August 15, 1950.

The indictments against appellant were returned by the grand jury of Knox County at its regular February, 1950, term of court. By agreement the venue was transferred to the Laurel Circuit Court.

Because of a crowded docket the judge of the Laurel Circuit Court called a special term of court to commence on August 21, 1950, and to continue for twelve juridical days. The indictments against the appellant were assigned for trial on the first day of the special term.

A conflicting court schedule prevented the judge of the Laurel Circuit Court from presiding at the special term and the fact of his disqualification was certified to this Court.

Thereupon and pursuant to the authority of KRS 23.260 the following order was issued by this Court.

"Court of Appeals of Kentucky
"Designation of Special Judge

"It having been properly certified that the Honorable Ray C. Lewis, the

regular judge of the Twenty-seventh judicial district, is disqualified or otherwise unable to preside at the August Special 1950 term of the Laurel Circuit Court on the trial of the following actions:

"All cases set out in Order of August 10, 1950 until finally disposed of, and it further appearing that no other regular Circuit Judge is available at that time, and that the parties litigant cannot agree upon an attorney to act as special judge, Honorable B. B. Snyder, a member of the bar having the qualifications of a circuit judge, is hereby designated to preside at said term and try said cases.

"Witness my hand this fifteenth day of August, 1950.

"Signed, Porter Sims,

"Chief Justice Court of Appeals"

In consequence thereof the following commission was issued:

"In the Name and by the Authority of the

"Commonwealth of Kentucky

"Court of Appeals:

"To all to Whom these Presents Shall Come,

"Greetings:

"Know ye, that Honorable B. B. Snyder having been duly appointed Special Judge to preside at the August Special 1950 Term, of the Laurel Circuit Court to try all cases as set forth in the certification of the Circuit Clerk of said Court, and designation issued pursuant to such certification.

"I hereby invest him with full power and authority to execute and discharge the duties of said office according to law. And to have and to hold the same, with all the rights and emoluments thereunto legally appertaining, for and during the term prescribed by law.

"In testimony whereof, I have caused these letters to be made patent, and the seal of the Court to be hereunto affixed.

"Done at Frankfort, the fifteenth day of August, in the year of our Lord one thousand nine hundred and fifty and in the one hundred and fifty-eight year of the Commonwealth.

"Signed Porter Sims,

"By the Chief Justice"

Judge Snyder presided at the August, 1950 special term when appellant was convicted under three indictments.

Appeals were taken to this Court and on December 21, 1951, the several judgments of conviction were reversed because the cases were submitted to the jury under erroneous instructions. Helton v. Commonwealth, Ky., 244 S.W.2d 762.

After these cases were remanded to the circuit court the appellant seasonably challenged the authority of Judge Snyder to act as special judge in connection with the retrial of these cases in February, 1952. However, appellant's objections were overruled and he was forced into trials on two separate indictments and was convicted in each case and sentenced to a total of ten years in prison.

The cases were consolidated after the appeal of each case was perfected. Both appeals will be disposed of in this opinion.

■ The appointment of Judge Snyder as special judge for the special term of court was made by the Chief Justice under KRS 23.260, Ky. Constitution, § 136. The power conferred upon a special judge under this section of our statutes, insofar as pertinent here, is "to hold the special term."

KRS 23.110(2) provides that the order calling the special term "shall specify the day when the special term shall commence and the time it shall continue".

The order calling the special August 1950 term recited that the special term should commence on August 21, 1950, and extend for twelve juridical days thereafter. Therefore, under KRS 23.260 the Chief Justice's designation of Judge Snyder was for a term of court the tenure of which extended only for the time designated in the instruments appointing him. Consequently, his service was limited to the term commencing August 21, 1950.

**16**

In Canterbury v. Commonwealth, 234 Ky. 268, 27 S.W.2d 946, 947, in considering a tenure of a special judge, the court said:

"* * * when an attorney is designated as circuit judge he is authorized to preside at the designated term and try the designated case or cases at that term, but * * * if the designated case or cases are not tried at the term for which such attorney was designated, and are continued to a subsequent term, such designated attorney shall not be authorized to try such case or cases at such subsequent term unless he is again so designated, or unless he was in some other manner authorized to try the designated case or cases at any subsequent term."

The following cases are to the same effect. Duff v. Hodges' Guardian, 228 Ky. 294, 14 S.W.2d 1058; Kentucky Union Co. v. Bailey, 174 Ky. 488, 192 S.W. 708; Dial v. Commonwealth, 143 Ky. 118, 136 S.W. 139; Roberts v. Cain, 97 Ky. 722, 31 S.W. 729.

■ In view of the controlling statutes we have cited and in light of the plain language of the designation and commission issued by the Chief Justice, Judge Snyder had no authority to act as special judge in the retrial of these cases in February, 1952. His designation and commission as special judge had expired. Therefore, in the absence of Judge Snyder's redesignation by the Chief Justice, the purported trials and conviction of appellant, over his objections, were a nullity.

■ We reverse this case with reluctance. As was said in effect on the first appeal the appellant's guilt was established beyond doubt. But regardless of his apparent guilt, he is entitled under our basic law to a fair trial by a jury of his peers in a lawfully constituted court. This includes a presiding judge, duly elected or appointed according to law.

■ We are not holding that a special judge appointed for a special term, may not, after expiration of the term, enter orders incidental or supplemental to de-

cisions made or judgments entered by him during the term. But we do hold, because we have no other alternative, that a judge appointed for a special term under KRS 23.260 to try designated cases, may not, of his own volition, later call another special term and retry the cases, over the objection of the interested parties.

Therefore, the judgment of conviction in each case is reversed.