**Hilda T. HARRISON et al., Petitioners,**

v.

**Ben B. WRIGHT, Special Judge, etc., Respondent.**

Court of Appeals of Kentucky.

Feb. 9, 1968.

Jerry W. Nall, Nall & Stephens, Owensboro, for petitioners.

No appearance for respondent.

MONTGOMERY, Judge.

Ben B. Wright, an attorney at law, was appointed on November 15, 1967, as special judge to try five certain cases indicated by name at a special term of the Webster Circuit Court. The petitioners, Hilda T. Harrison et al., were interested parties in one of the cases set for trial on November 27, 1967. This date was within a special term called by the regular judge to begin November 20, 1967, and to run through December 1, 1967. It is not certain whether the special term was called pursuant to KRS 23.110 or 23.120, but the order indicates that the special term was called to dispose of part of an excessive number of condemnation cases filed by the Commonwealth of Kentucky, Department of Highways.

On the trial date the case was continued and was reset for trial on December 18, 1967. On December 14, 1967, petitioners filed this original action to prohibit the respondent from trying the case on that date. They said that the respondent, as special judge, had, in effect, called a special term and was threatening to try petitioners' case at a time other than at the special term for which he was appointed. It was insisted that respondent lost jurisdiction to try the case at the expiration of the special term ending on December 1, 1967, and that he had no jurisdiction to try the case on December 18, 1967. A temporary order of prohibition was granted. No response has been filed.

The position of the petitioners is sound. The rule is fully discussed in Helton v. Commonwealth, Ky., 256 S.W.2d 14. See cases collected therein. The court held that the designation and commission of a special judge expired at the end of the special term. A trial conducted by him · after the expiration of the special term and of his authority was held to be a nullity. Since the respondent here would have been acting without authority and without jurisdiction on December 18, 1967, prohibition was appropriate. Chamblee v. Rose, Ky., 249 S.W.2d 775; Commonwealth ex rel. Breckinridge v. Wise, Ky., 351 S.W.2d 493. At the February 1968 term of the Webster Circuit Court the case load may be so reduced that the need for a special term or a special judge may not exist. Should the need exist, appropriate orders and designations can be made.

This case is distinguishable from Mills v. Broughton, Ky., 396 S.W.2d 310, and Wedding v. Lair, Ky., 404 S.W.2d 451, wherein the appointment · or designation was to try a single case without limitation as to time or term.

The temporary order of prohibition is made permanent.

All concur.