John Y. Brown, Lexington, pro se.

John P. Lair, Cynthiana, pro se.

---

**Nimrod WEDDING, Jr., and John Y. Brown, Petitioners,**

v.

**Honorable John P. LAIR, Judge, Harrison Circuit Court, Respondent.**

Court of Appeals of Kentucky.

June 24, 1966.

HILL, Judge.

This original action was filed in this court on February 23, 1966, seeking to prohibit the respondent from enforcing an order entered in the Harrison Circuit Court February 4, 1966, appointing petitioner Honorable John Y. Brown attorney for Nimrod Wedding, Jr., in a criminal case charging Wedding with willful murder.

A brief history of the case leading to this petition may be appropriate. Nimrod Wedding, Jr., was tried and convicted in November 1961 in the Harrison Circuit Court, and his penalty was fixed at death. His appointed counsel on the trial consisted of practically all of the practicing lawyers of the Harrison County Bar but did not include the petitioner Honorable John Y. Brown. The latter was employed by relatives of Wedding to file a petition for rehearing in this court, after an opinion had been issued on appeal affirming the judgment of conviction, and it is contended by

petitioner Brown that his employment encompassed only the representation of Wedding on the petition for rehearing.

The petition for rehearing was sustained, and a criminal indictment is now pending in the Harrison Circuit Court against Wedding. He being a pauper and without counsel, the respondent on the date referred to above entered an order appointing petitioner Brown to represent Wedding on the next trial of the indictment. Petitioner Brown is a member of the Fayette County Bar Association and a resident of Lexington, Fayette County, Kentucky, with law offices there; although it is shown by respondent, and undenied, that the firm of Brown, Sledd and McCann, of which petitioner Brown is a senior partner, is a "frequent" practitioner in the Eighteenth Judicial District, which includes Harrison County.

The petition for writ of prohibition contains a two-pronged argument for relief. First, it is insisted respondent assisted in the prosecution of the Wedding case in its early stages; and, after his election as Judge of the Eighteenth Judicial District, he voluntarily disqualified himself and was succeeded by the appointment of Honorable Lloyd E. Rogers as special judge, who was approved by all of the attorneys in the case; and therefore respondent continues to be disqualified. Second, petitioner Brown contends: (a) That respondent has no power to appoint an attorney outside the Eighteenth Judicial District; (b) and that due to the limited extent of his employment, that he should not be forced to represent Wedding beyond that period. He specifically declined to accept employment beyond representation of Wedding on petition for rehearing.

This court takes the view the writ should issue on the first ground assigned, and we do not reach the second ground.

By the following order signed and entered by respondent prior to November 1961, he voluntarily disqualified himself as presiding judge in the Wedding case:

"This matter coming on to be heard, came the Attorney for the Commonwealth and Attorneys for the Defendant, Nimrod Wedding, Jr., and agreed upon Lloyd E. Rogers of this Bar to act as Special Judge in said case which is assigned for trial November 8, 1961. Circuit Judge John P. Lair having upon his own motion disqualified himself therein for the reason that he had previously assisted in the prosecution of said case.

"It is now ordered and adjudged that Lloyd E. Rogers act as Special Judge *in this action* and he is to have *full and complete authority* of a Circuit Judge. (Emphasis ours.)

"John P. Lair, Judge
Harrison Circuit Court."

The selection of Lloyd E. Rogers by the attorneys present (the entire bar having been appointed to defend Wedding) was accomplished pursuant to KRS 23.230.

In Dupoyster v. Clarke, 121 Ky. 694, 90 S.W. 1 (1906), in a similar factual situation it was said by this court that:

"Under these statutory provisions, the special judge has no authority in any other case except that in which he is appointed, and his power is not limited to the term at which he is appointed, or to one term, but he is given all the powers of the regular judge. He may, if necessary, hold a special term to try the case, and it is his duty to try the case. The power to try the case carries with it the power to dispose of it finally. The regular circuit judge cannot sit in the case. The special judge sits in his stead, and has all the powers of the regular judge in that case."

See also Warner v. Ford Lumber & Mfg. Co., 123 Ky. 103, 93 S.W. 650, 12 L.R.A., N.S., 667 (1906).

The respondent, having voluntarily vacated the bench in this particular case, lost jurisdiction forever in the absence of

an agreement of the parties. He had no right to reassume jurisdiction, and his orders are a nullity.

Special Judge Lloyd E. Rogers, if able and available, still has power to finally dispose of the Wedding case. In fact, he heard Wedding's motion to vacate the judgment under RCr 11.42.

It is therefore ordered by this court that respondent, Honorable John P. Lair, be prohibited from enforcing the order attempting to appoint petitioner Honorable John Y. Brown attorney for defendant in the case of Commonwealth of Kentucky v. Nimrod Wedding, Jr., on a charge of willful murder now pending in the Harrison Circuit Court. He is further prohibited from taking any further steps in said case.