**Thomas Glenn WADE, Appellant,**

v.

**John C. BONDURANT, Judge, Fulton Circuit Court, and Brantley Amberg, Special Judge of the Fulton Circuit Court, Appellees.**

Supreme Court of Kentucky.

Dec. 15, 1981.

Charles M. Chaney, Paducah, for appellant.

OPINION AND ORDER

This is an appeal from an order of the Court of Appeals denying appellant separate writs of prohibition against appellees.

On February 11, 1980, appellant was indicted by the Fulton County grand jury on two counts of violating KRS 514.070 (theft by failure to make required disposition of property) and one count of violating KRS 530.050 (flagrant non-support). Judge Bondurant, set both indictments for trial on December 10, 1980.

On that date, a trial was held and appellant was found guilty on one count of the violation of KRS 514.070 and not guilty on the other. No verdict was returned relative to the other indictment. On May 4, 1981, Judge Bondurant set the trial of the nonsupport charge for June 20, 1981. On June 10, 1981, he voluntarily disqualified himself from trying the remaining charge against appellant. On June 11, 1981, appellee Amberg was appointed as special judge. On June 16, 1981, he continued the case generally.

For reasons not apparent in the record Judge Bondurant, on August 26, 1981, entered an order setting the case against appellant for trial on October 1, 1981.

Appellant filed the present action in the Court of Appeals, seeking a writ prohibiting appellee Bondurant from "proceeding further" in the case and seeking to prohibit appellee Amberg from "proceeding to try" the case. The basis of the relief sought against the regular trial judge was his setting the case for trial after he had disqualified himself. With respect to Judge Amberg, appellant claims that at the trial held on December 10, 1980, the non-support case was, in fact, tried, and that jeopardy attached.

It is clear that Judge Bondurant did disqualify himself and, as a result he lost jurisdiction forever in the case against appellant. He had no right to reassume jurisdiction, and his order setting the case for trial was a nullity. *Wedding v. Lair*, Ky., 404 S.W.2d 451 (1966).

With respect to the claim against appellee Amberg we have examined the record filed by appellant. We find no evidence therein to support the claim that the charge of non-support was brought on for trial or tried on December 10, 1980. This being the case, the petition for the writ must fail.

The decision of the Court of Appeals with respect to Judge Bondurant is reversed and he is prohibited from taking any further steps in the case pending against appellant. The decision of the Court of Appeals with respect to Judge Amberg is affirmed.

All concur.

ENTERED December 15, 1981.

John S. Palmore
Chief Justice