RENDERED: JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0846-MR

TONY BRYANT                                               APPELLANT

v.

APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE JOHN D. SIMCOE, JUDGE
ACTION NO. 21-CI-00260

KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION AND
DEPARTMENT OF THE ARMY                               APPELLEES

OPINION
VACATING AND
DISMISSING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: Appellant, Tony Bryant (Bryant), appeals from an order of the

Hardin Circuit Court affirming a decision of the Kentucky Unemployment

Insurance Commission (Commission). The Commission found that Bryant is

disqualified from receiving benefits because he was discharged for misconduct

connected to his work. After our review, we vacate the order of the Hardin Circuit Court and dismiss this appeal for the reasons set forth below.

Bryant worked as a human resource assistant for the Department of the Army's Civilian Human Resources Agency at Fort Knox, Kentucky. His job duties entailed processing applications for benefits for military widows in the Army's Survivor Benefits Program. Bryant was fired for borrowing money from one of the widows in the program. Bryant subsequently filed a claim with the Kentucky Office of Unemployment Insurance, which determined that he was disqualified to receive benefits because he was discharged for misconduct connected with the work. Bryant appealed. Following an evidentiary hearing, the Referee affirmed.

Bryant appealed to the Commission, which affirmed the Referee's decision on April 28, 2020.

Bryant then sought judicial review pursuant to KRS[1] 341.450(1), which provides as follows:

> Except as provided in KRS 341.460, within twenty (20) days after the date of the decision of the commission, any party aggrieved thereby may, after exhausting his remedies before the commission, secure judicial review thereof **by filing a complaint against the commission in the Circuit Court of the county in which the claimant was last employed by a subject employer** whose reserve account or reimbursing employer account is

---

[1] Kentucky Revised Statutes.

affected by such claims. Any other party to the proceeding before the commission shall be made a defendant in such action. The complaint shall state fully the grounds upon which review is sought, assign all errors relied on, and shall be verified by the plaintiff or his attorney. The plaintiff shall furnish copies thereof for each defendant to the commission, which shall deliver one (1) copy to each defendant.

(Emphasis added.)

Although Bryant was last employed by the Department of the Army in Hardin County, he filed his complaint in Meade Circuit Court.[2] On June 16, 2020, the Commission and the Department of the Army, now Appellees, jointly filed a response and contended that Bryant had failed to strictly comply with KRS 341.450(1) by failing to file his complaint in the proper court within the requisite time -- an error which was fatal to his appeal pursuant to the statute. On January 13, 2021, the Meade Circuit Court entered an order transferring the action "to Hardin Circuit Court, the appropriate venue."

The Hardin Circuit Court proceeded to decide the case on its merits and affirmed the Commission's ruling by order entered June 24, 2021.

On July 23, 2021, Bryant filed a notice of appeal to this Court. Bryant again argues that his actions did not constitute misconduct. If this case were properly before us, we would affirm the Commission's ruling without hesitation

---

[2] Bryant resides in Meade County.

based upon our review of the record. However, we cannot reach the merits. We agree with the Commission that Bryant's complaint should have been dismissed by the Meade Circuit Court for lack of jurisdiction.

In his reply brief, Bryant contends that the Commission's jurisdictional argument was not preserved. However, it is well settled that "jurisdiction may be raised by the parties or the court at any time and cannot be waived. Moreover, the issue may be raised for the first time on appeal." *Cabinet for Health and Family Services v. J.T.G.*, 301 S.W.3d 35, 39 (Ky. App. 2009) (internal quotation marks and citations omitted).

KRS 341.450(1) required that Bryant secure judicial review ***by filing a complaint in the circuit court of the county where he was last employed*** within 20 days after the date of the Commission's decision. Bryant failed to comply with this statutory prerequisite by filing his complaint in Meade Circuit Court rather than Hardin Circuit Court. Therefore, Meade Circuit Court lacked jurisdiction *ab initio* to consider Bryant's appeal.

"It is a firmly rooted concept of law in this state that the courts have no jurisdiction over an appeal from an administrative agency action unless every statutory precondition is satisfied." *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 831 (Ky. 2012).

> As a general rule, "[t]here is no appeal to the courts from an action of an administrative agency as a matter of right.

-4-

> When grace to appeal is granted by statute, a strict compliance with its terms is required." *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978) (citations omitted). Statutory preconditions for vesting courts with the authority to engage in judicial review cannot be satisfied by substantial compliance. *See City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990) ("It is only [when defects are nonjurisdictional in nature] that a discussion of substantial compliance . . . is appropriate."). **Consequently, at least with respect to the jurisdictional requirements for invoking judicial review of an administrative agency ruling, we have no substantial compliance exception to a statute which grants the right to appeal**. *See Kentucky Unemployment Insurance Commission v. Carter*, 689 S.W.2d 360, 361-362 (Ky. 1985).

*Kentucky Unemployment Insurance Commission v. Wilson*, 528 S.W.3d 336, 339 (Ky. 2017) (emphasis added).

We agree with the Commission that the Meade Circuit Court's order transferring the case to Hardin Circuit Court did not -- and could not -- cure the jurisdictional defect.

> A long line of Kentucky cases have [*sic*] held that where appeal from an administrative agency decision is permitted by statute, the requirements of the statute are mandatory, and **a circuit court does not obtain jurisdiction to hear the appeal unless the statutory requirements have been met**.

*Cabinet for Human Resources v. Holbrook*, 672 S.W.2d 672, 675 (Ky. App. 1984) (emphasis added).

Directly on point is the venerable old case of *Jackson v. Wernert*, 30 S.W. 412 (Ky. 1895), which involved an appeal of a judgment of the justice of the peace that was filed in Jefferson Circuit Court instead of quarterly court as required by a statute in effect at the time. On its own motion, the circuit court transferred the case to its proper venue in quarterly court. The Court of Appeals of Kentucky held that "[a]s the circuit court had no jurisdiction of the cause of action between the parties, it follows that **it had no power to transfer** the same to the quarterly court, and should have dismissed the appeal." *Id.* at 413 (emphasis added).

In the case before us, the Meade Circuit Court had no jurisdiction over the action between the parties. Therefore, it follows that the Meade Circuit Court had **no power to transfer the case** to the Hardin Circuit Court and that it should have dismissed the appeal. It also follows that the Hardin Circuit Court had no jurisdiction because the Meade Circuit Court's transfer order was void *ab initio* and was, therefore, a legal nullity. So, too, is the Hardin Circuit Court's June 24, 2021, order affirming the ruling of the Commission.

> It is well established in Kentucky law that any order issued by a court that did not have proper jurisdiction is "void *ab initio* . . . is not entitled to any respect or deference by the courts." *S.J.L.S. v. T.L.S.*, 265 S.W.3d 804, 833 (Ky. App. 2008) (internal citations omitted). Moreover, [such an] order is considered "a legal nullity, and a court has no discretion in determining whether it should be set aside." *Id.* (citing *Foremost Ins. Co. v. Whitaker*, 892 S.W.2d 607, 610 (Ky. App. 1995)); *see also Wedding v. Lair*, 404 S.W.2d 451 (Ky. 1966).

*Cabinet for Health and Family Services v. J.T.G.*, 301 S.W.3d 35, 39 (Ky. App. 2009).

Accordingly, we vacate the June 24, 2021, order of the Hardin Circuit Court, and we dismiss this appeal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Douglas E. Miller
Radcliff, Kentucky

BRIEF FOR APPELLEE
KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION:

Joshua R. Hurley
Frankfort, Kentucky

BRIEF FOR APPELLEE
DEPARTMENT OF THE ARMY:

L. Jay Gilbert
Louisville, Kentucky